287 So.2d 715 (1974)
Meredith KANNER and Spencer Kanner, Her Husband, Appellants,
v.
FIRST NATIONAL BANK OF SOUTH MIAMI, Appellee.
No. 73-524.
District Court of Appeal of Florida, Third District.
January 8, 1974.
*716 Michael B. Solomon, Miami Beach, for appellants.
Robert E. Rutledge, Jr., and Lawrence C. Rice, South Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellants seek review of an adverse summary judgment in favor of defendant in an action to recover damages for false imprisonment and failure to provide medical attention.
Plaintiff Meredith Kanner was employed as a teller by the defendant, First National Bank of South Miami. Having injured her nose at home over the weekend, on Monday, December 21, she did not work, but instead visited the doctor's office. The next day she returned to her job. On Wednesday, December 23, she was assigned to one of the drive-up teller windows and while performing her duties her nose began to bleed at approximately 1:00 p.m. Plaintiff informed the head teller who sent down to take over her duties a fellow employee who continued to use plaintiff's money. Plaintiff sat down and rested, but requested no medical aid. Thereafter, the head teller herself came down and informed plaintiff she could not leave until her money was verified. Plaintiff's husband arrived at 2:00 p.m. and was informed also that until his wife's money had been verified, he would not be allowed to take her home. Around 3:00 p.m. the verification was completed and plaintiff was taken home by her husband who put her to bed and then called the doctor. At 5:00 p.m. plaintiff was taken to the hospital where she remained 15 days and underwent surgery. Thereafter, plaintiff and her husband brought this action against the defendant bank for damages for failure to exercise reasonable care in providing medical attention to the plaintiff and for defendant's unlawful restraint and imprisonment of her. Defendant filed a motion for summary judgment which was granted and plaintiffs appeal therefrom.
In considering an order granting summary judgment, the facts must be viewed in the light most favorable to the party against whom the judgment was granted. 2 Fla.Jur. Appeal § 307 (1963).
*717 In light of the above principle, we first reviewed the record on appeal with regards to the contention of the appellants that the defendant failed to provide medical assistance. It is undisputed that when plaintiff reported that she had a nosebleed, her superior sent down a replacement and permitted her to sit down and rest. The plaintiff herself did not request medical aid and when she was permitted to leave, her husband himself took her to their apartment and not immediately to a hospital or doctor's office. Thus, we find in essence that plaintiffs are attempting to hold the defendant to a higher standard of care than they themselves assumed. Therefore, we hold that the trial judge was correct in entering summary judgment for the defendant on the alleged failure to provide medical attention.
We then turned our consideration to the issue of unlawful restraint of the plaintiff Meredith Kanner.
False imprisonment is the unlawful restraint of a person against his will. 14 Fla.Jur. False Imprisonment § 2 (1957) and cases cited therein. Further, the restraint must be unreasonable and unwarranted under the circumstances. See 14 Fla.Jur. False Imprisonment § 3 (1957). The undisputed facts from the record demonstrate that plaintiff's replacement continued to use plaintiff's money. Yet, defendant bank informed plaintiff and her husband that she could not leave until her money was verified. Under the circumstances, we find that the detention of plaintiff until her money was verified would serve no useful purpose to the defendant bank and therefore the restraint may have been unreasonable and unwarranted and resulted in false imprisonment.
Accordingly, we reverse the summary judgment entered in favor of defendant on the issue of false imprisonment and remand the cause for a trial on this issue.
Affirmed in part, reversed in part and remanded.