PEARSON, TILLMAN, (Ret.), Associate Judge.
Appellant Samuel Harris was arrested and detained by two police officers of the City of North Miami because he refused *20 to give them his name. The police officers were not investigating a crime or the violation of any municipal ordinance. Harris brought suit against the City and the police officers for false arrest and false imprisonment, resulting in a directed verdict for the defendant City and police officers entered at the close of the plaintiff’s case. This appeal is from a judgment entered upon the directed verdict. We reverse and hold that when a police officer uses his position to secure information where there is.no criminal charge and no criminal investigation, the officer may not arrest a person for failure to provide information.
Upon review of a directed verdict, the evidence must be viewed in the light most favorable to the party moved against. See Wheaton v. Bohnert Roofing and Supply Co., Inc., 369 So.2d 1016 (Fla.3d DCA 1979). So viewed and briefly stated, the police officers came to a restaurant where plaintiff Harris was employed as a cook. They were responding to a telephone call from a woman who complained that the plaintiff had been discourteous to her. When the officers arrived, the woman told them that she would not press charges for the plaintiffs arrest because the incident had involved only the exchange of words over the question of the manner in which the plaintiff had prepared her hamburger. She asked the officers to make a report of the incident so that she could complain to the plaintiff’s employers. In order to comply with this request and because it was necessary to turn in a report of the call to their superior, the officers approached the plaintiff and asked him for his name. When he refused to talk to them, he was forcibly arrested and was taken to the officers’ police car. The plaintiff then gave the officers his name and address and was released. No arrest report was made.
The officers were not investigating a crime nor had any misdemeanor been committed in their presence. They were without authority to require the plaintiff to cooperate in their inquiry. The officers had no legal basis upon which to arrest the plaintiff. His forcible arrest and the deprivation of his liberty appear on this record to establish a prima facie case of.false imprisonment. See Phillips v. State, 314 So.2d 619 (Fla.4th DCA 1975). See also Kanner v. First National Bank of South Miami, 287 So.2d 715 (Fla.3d DCA 1974), for the elements of false imprisonment.
Another issue is presented for our consideration concerning a second count alleging the negligence of the City of North Miami in its selection and training of police officers. Upon review of this matter, we find that the plaintiff did not present a prima facie case and, therefore, this point must be affirmed.
Accordingly, we affirm the directed verdict of the count alleging the negligence of the City of North Miami, but we reverse the directed verdict of the count alleging the false imprisonment of the plaintiff. The cause is remanded for further proceedings on the false imprisonment count.
Affirmed in part, reversed in part, and remanded.