603 So.2d 1310 (1992)
Herman MILLER, Appellant,
v.
CITY OF JACKSONVILLE, Appellee.
No. 91-1996.
District Court of Appeal of Florida, First District.
August 7, 1992.
Rehearing Denied August 25, 1992.
*1311 M. Alan Ceballos of Harris, Guidi, Rosner, Ceballos, Daze & Whitman, Jacksonville, for appellant.
John A. Delaney, General Counsel, and Brian M. Flaherty, Asst. Counsel, Jacksonville, for appellee.
ALLEN, Judge.
Herman Miller appeals from the final judgment in his civil action against the City of Jacksonville (the city) for false arrest. Final judgment was entered for the city after the trial court granted the city's motion for a directed verdict. Miller contends that the trial court erred in concluding that the city's affirmative defense of probable cause was established as a matter of law. We agree and reverse.
The record reveals the following facts. On July 19, 1988, a black and silver Ford Bronco was stolen by an unidentified black male. The owner of the vehicle reported the theft to the Jacksonville Sheriff's Office and provided the police with the tag number, make, model, color, and year of the vehicle. Three days later, Officer Jackson of the Jacksonville Sheriff's Office spotted the vehicle with two black male occupants, called in the tag number, and confirmed that it was the stolen vehicle. When Jackson attempted to pull the vehicle over, the Bronco quickly accelerated, and Jackson engaged in a high speed chase. During the course of the chase, Jackson maintained periodic communication with other officers and the dispatcher to let them know his location. He was informed by the dispatcher that the occupants were believed to be armed and dangerous. The dispatcher also sent out an alert tone to immediately notify all sheriff's personnel in the surrounding area of the situation and to obtain backup assistance. After a 15 to 20 minute chase, during which Jackson never lost sight of the vehicle, the two suspects abandoned the vehicle and were subsequently captured.
On that same day and at the same time that Jackson was pursuing the suspects' vehicle, Miller was operating a Ford Bronco II in the same general area as the high speed chase. Two police cars with their blue lights activated appeared behind him. Miller pulled over, and seven or eight more police cars appeared in front of him. With guns drawn, the officers ordered appellant from his vehicle, frisked and handcuffed him. No weapons were found on Miller's person or in his vehicle. After holding Miller for 15 to 20 minutes, the officers realized they had arrested "the wrong guy," apologized and released Miller.
Miller subsequently filed suit for false arrest against the city. Neither Miller nor the city was able to ascertain the identity of any of the officers involved in Miller's arrest. The city's defense was that the officers had probable cause to arrest. At the close of evidence, the trial court granted the city's motion for directed verdict, concluding that the officers had probable cause as a matter of law.
Miller argues that the trial court erred in granting the city's motion for a directed verdict. A motion for a directed verdict should not be granted unless the court, after viewing the evidence and testimony in the light most favorable to the nonmoving party, determines that no reasonable jury could render a verdict for the *1312 nonmoving party. See, e.g., City of Jacksonville v. Alexander, 487 So.2d 1144, 1146 (Fla. 1st DCA 1986). Where there is any evidence upon which a jury could lawfully find for the movant's adversary, a verdict should not be directed. City of Hialeah v. Rehm, 455 So.2d 458, 460 (Fla. 3d DCA 1984), rev. denied, 462 So.2d 1107 (Fla. 1985).
In this case, the court determined that the City was entitled to a judgment in its favor because the officers who detained Miller had probable cause to effect an arrest. Probable cause is an affirmative defense to a claim of false arrest or false imprisonment, see, e.g., Metropolitan Dade County v. Norton, 543 So.2d 1301 (Fla. 3d DCA), rev. denied, 551 So.2d 462 (Fla. 1989), and, therefore, the burden is upon the defendant to establish the existence of probable cause in order to successfully assert this defense. See Lee v. Geiger, 419 So.2d 717, 719 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983). The defendant must show that the facts and circumstances known to the arresting officer were sufficient to cause a reasonably cautious person to believe that the suspect was guilty of committing a crime. See Lee, 419 So.2d at 719. What facts and circumstances constitute probable cause is a pure question of law. Whether they exist is a pure question of fact. The former is exclusively for the court to decide, but the latter is for the jury to decide. Therefore, the defense of probable cause must be submitted to the jury when there is material controversy as to the facts upon which the officer relied in making the arrest. See Alexander, 487 So.2d at 1146.
None of the officers involved in Miller's arrest could be identified. Thus, none of those officers testified as to the factual basis for the arrest. In the absence of such direct evidence, only the logical inferences from Miller's and Jackson's testimony are available to establish a basis for any probable cause. Viewing those inferences in the light most favorable to Miller does not compel a finding that the officers had probable cause to arrest Miller.
Based on Jackson's testimony that he was in periodic communication with the police dispatcher during the high speed chase, it is reasonable to assume that Miller was stopped because police were looking for a black and silver Bronco bearing a specific license tag number and occupied by two black men who were armed and dangerous. Indeed, another officer, who responded to the radio dispatch but was not involved in Miller's detention, testified that he was looking for two men in a black and silver Bronco with a specific tag number, based on the radio dispatch. A reasonable inference based on the information apparently known to the officers is that Miller and his vehicle did not match the information in the radio dispatch. First, Miller's vehicle was a different model, a Bronco II, which is smaller than a Bronco. Second, the suspect vehicle was black and silver, whereas appellant's vehicle was blue and red. Third, the Bronco and Bronco II had different tag numbers. Fourth, the suspect vehicle was occupied by two black men, and Miller, although black, was the sole occupant of his vehicle. Finally, police knew that the suspect vehicle was traveling at a high rate of speed and that Jackson was chasing it and had maintained sight of the vehicle during the entire ordeal. Miller was traveling below the speed limit when he was stopped, and he was not being chased by Jackson. These circumstances do not compel a finding of probable cause.
Accordingly, we reverse and remand for a new trial.
BOOTH and SMITH, JJ., concur.