Kathleen FARMER, Plaintiff,

v.

CITY OF FORT LAUDERDALE, et al., Defendants.

No. 91–7043–CIV.

United States District Court, S.D. Florida.

Feb. 3, 1993.

Joseph A. Murphy, III, Fort Lauderdale, FL, for plaintiff.

Dennis Lyles, City Atty., Fort Lauderdale, FL, Gordon D. Rogers, Carmen M. Rodriguez, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, Miami, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' Motion for Summary Judgment, Attorneys' Fees and Sanctions.

The plaintiff, Kathleen Farmer, was a police officer employed by the City of Fort Lauderdale. She has filed this action against the city pursuant to 42 U.S.C. Section 1983, alleging that her employment was terminated in retaliation for her husband's successful lawsuit against the city. The defendants have now filed this motion for summary judgment, attorney's fees and Rule 11 sanctions. They argue that the plaintiff's claims should be dismissed with prejudice because they are barred by the applicable statute of limitations.

■ The statute of limitations applicable to a § 1983 action is the personal injury statute of limitations prescribed by the state in which the action arose. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Grace v. Wainwright,* 761 F.Supp. 1520, 1526 (M.D.Fla.1991). In Florida, the state of limitations for personal injury actions is four years. Consequently, a § 1983 claim filed four years after it accrued is barred by the statute of limitations.

■ It is well established that in cases which challenge employment termination decisions, the applicable limitations period begins to run when notice of termination was given and not on the date when employment actually terminated. *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Pearson v. Macon–Bibb County Hospital Authority,* 952 F.2d 1274 (11th Cir.1992). In the plaintiff's deposition testimony, she acknowledges receiving a letter from the Chief of Police dated March 25, 1987, regarding her imminent termination. (Deposition of Kathleen Farmer, pp. 106–08). According to the plaintiff, this letter merely confirmed an earlier conversation she had with Chief Cochran about when her last day of work would be. (Deposition of Kathleen Farmer, p. 108). Thus, it is undisputed that Kathleen Farmer received notice of her imminent termination prior to March 25, 1987. Accordingly, the four year statute of limitations began to run as early as March 25, 1987. Whereas the initial Complaint in this case was not filed until April 3, 1991, the plaintiff's claim appears to be barred by the statute of limitations.

The plaintiff does not dispute that she was notified on March 25, 1987 that she was going to be terminated. However, she argues that said notification was oral and did not constitute formal notice of termination. She also contends that this termination decision was subject to review at a later date by the Chief of Police. In addition, she asserts that she continued to negotiate with Chief Cochran about alternative placement until April 4, 1987. According to the plaintiff, therefore, her cause of action did not accrue until her final day of work: April 4, 1987.

These arguments are without merit. The plaintiff has not cited any case law for the proposition that notification of termination will not commence the limitation period unless it is in writing. Indeed, other courts have found that the limitations period commences when an employee is orally notified of termination. *See, e.g., Salazar v. Ameri-*

*can Tel. & Tel. Co.*, 715 F.Supp. 351, 353–54 (S.D.Fla.1989). Similarly, it has been held that subsequent negotiations about alternative employment do not affect commencement of the limitations period. *Id.* at 353–54.

■ Finally, the plaintiff argues that the statute of limitations does not begin to run upon notice of termination when the defendant commits illegal acts subsequent to that date. She correctly cites *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), and *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537 (10th Cir.1987) in support of this contention. However, those cases refer to the application of a statute of limitations when there is a "continuing policy and practice of discrimination." *Furr*, at 1543. The plaintiff contends that such a pattern existed here, because her affidavit alleges that subsequent to April 4, 1987, the defendants threatened to "black-ball" her and prevent her from acquiring another law enforcement position. It also states that in May of 1990 a Fort Lauderdale Police Captain informed the plaintiff's new employer of negative material in the plaintiff's personnel file.

Even when considered in a light most favorable to the plaintiff, these allegations are not sufficient to establish that there was a "continuing policy and practice of discrimination." Moreover, many courts have held that unconstitutional employment termination is a completed one-time violation, and that its subsequent effects do not give rise to application of the continuing violation doctrine. *See, e.g. Pike v. City of Mission, Kansas*, 731 F.2d 655 (10th Cir.1984); *Daughtry v. King's Dept. Stores, Inc.*, 608 F.2d 906, 909 (1st Cir.1979). *See, also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). In the instant case, the Court finds that the defendants' alleged actions are more accurately characterized as "subsequent effects" of termination, rather than as a "continuing policy of discrimination." Consequently, the Court will grant the defendants' motion for summary judgment.

■ The defendants have also requested that the Court award them attorney's fees pursuant to 42 U.S.C. § 1988, because the plaintiff continued to litigate after she was alerted to the fact that her claim was time-barred. In addition, they have moved for the imposition of Rule 11 sanctions against plaintiff's counsel. They argue that he should have determined after reasonable inquiry that the plaintiff's claims were time-barred, and hence refrained from filing the § 1983 action.

The Court disagrees. The choice of the plaintiff and her counsel to pursue her claim was not unreasonable, because the claim was not—as the defendant suggests—"clearly time-barred." Given the circumstances of the instant case, there was a legitimate question as to whether the plaintiff's claim would be barred by the statute of limitations.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The defendants' motion for summary judgment is GRANTED. The defendant shall file a form of judgment for entry in this cause within 15 days from the date of this order.

(2) The defendants' motion for attorneys' fees and Rule 11 sanctions is DENIED.

DONE AND ORDERED.