**Juan CASTELLANOS, Plaintiff,**

v.

**John McKENZIE, et al., Defendants.**

**No. 94 C 3186.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 28, 1995.

Juan Castellanos, Marianna, FL, pro se.

Asst. U.S. Atty., U.S. Attys. Office, Chicago, IL, for defendants John McKenzie, Fred Foreman, Patricia Holmes, Tony Sidel, Richard R. Mottweiler, Edward Shishem, Gordon Ring, Harold McKenney, Darrell Whitlock, Donnie Davis, Larry Hall, Edward Paul Mauerman aka Eddie, Haskell Burton Davis, Tracy D'Angela, Ben Rand, Roger Knell, Timothy Canti, John Doe, Federal Prosecutor, Georgia Case; Fifteen (15) John Doe Miami Dade Officers; Twenty (20) John Doe DEA Agents and Twenty (20) John Doe B.O.P. and U.S. Marshals employees), Phillip G. Reinhard, Richard Bockover.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Juan Castellanos, operating from Florida, was a major trafficker in cocaine destined for market in northern Illinois. He and twenty-six other defendants were arrested and charged with participating in a conspiracy to acquire, transport, store, possess, and distribute cocaine. Following a jury trial, Castellanos was convicted and sentenced to 16 years in prison on November 12, 1992. The conviction was affirmed on appeal. *United States v. Durman,* 30 F.3d 803 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 921, 130 L.Ed.2d 801 (1995).

During the pendency of his appeal, Castellanos initiated this fourteen-count civil rights complaint in the United States District Court for the Southern District of Florida. On April 15, 1994, that court granted Castellanos' motion for leave to file in forma pauperis and, finding this district a more convenient venue, transferred the case to this court pursuant to 28 U.S.C. § 1404(a) for a determination of whether the complaint was viable under 28 U.S.C. § 1915(d).[1]

Castellanos brings this action against seventy-four defendants, only nineteen of whom are identified by name, seeking damages and declaratory relief. In the complaint, Castellanos charges his attorney, his prosecutors, private informants, the judge who presided over his trial, and various other state and federal government agents with engaging in an elaborate conspiracy to convict him of crimes he did not commit. Counts One, Seven, Nine, Eleven, Thirteen, and part of Count Five ("conspiracy counts") all relate to this alleged conspiracy. Castellanos' conviction, however, renders these counts frivolous as a matter of law. As the Supreme Court noted in *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), a plaintiff who seeks relief under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" cannot proceed with his claim unless the conviction at issue has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." That Castellanos' claims against

---

1. Like most other circuits, the Eleventh Circuit apparently separates the § 1915(a) question of indigence from the § 1915(d) question of frivolity. *See Camp v. Oliver,* 798 F.2d 434, 437 (11th Cir.1986). That is contrary to the procedure established in this Circuit by *Wartman v. Milwaukee County Court,* 510 F.2d 130 (7th Cir.1975). Under *Wartman,* a district court must not only dismiss a complaint found to be frivolous, but also retroactively deny plaintiff leave to proceed in forma pauperis under § 1915(a) regardless of his or her financial status. *See Neitzke v. Williams,* 490 U.S. 319, 322 n. 1, 109 S.Ct. 1827, 1830 n. 1, 104 L.Ed.2d 338 (1989). The *Wartman* court's somewhat convoluted interpretation of the in forma pauperis statute was based on its historical analysis and a desire to avoid conflict with former language in Fed.R.Civ.P. 4(a) that required the clerk to issue summons "forthwith" upon the filing of the complaint. Following its prior opinion in *Nichols v. Schubert,* 499 F.2d 946 (7th Cir.1974), the court reasoned that a district court could not grant an indigent leave to file his complaint in forma pauperis and simultaneously dismiss the complaint without doing violence to Rule 4(a). Once a plaintiff was allowed to file a complaint, the action could not be dis-

missed until after completion of service. *Wartman,* 510 F.2d at 134.

Although the district court in Florida granted Castellanos' motion for leave to file in forma pauperis, summons never issued. The question therefore arises as to whether *Wartman* prevents this court from now reviewing the substantive merits of the complaint under § 1915. The court concludes that it does not. Fed.R.Civ.P. 4 no longer requires the clerk to issue summons forthwith upon the filing of a complaint. Moreover, plaintiff never provided the copies needed to issue summons to the United States marshal. Most importantly, it makes little sense from a standpoint of sound judicial administration to require the clerk to issue summons and the marshal to go to the expense of personally serving a multitude of defendants before the court could decide whether the action had sufficient legal merit to warrant response. To slavishly follow *Wartman* would defeat the primary purpose of § 1915, "to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints." *Neitzke,* 490 U.S. at 324, 109 S.Ct. at 1831. The court therefore will address the viability of the complaint under § 1915(d) before directing issuance of summons.

federal officials are brought pursuant to *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) is of no legal significance. *See Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994). The conspiracy charges set out in the complaint clearly go to the lawfulness of Castellanos' conviction. Because the Seventh Circuit only recently upheld that conviction, Castellanos' has no arguable claim for relief with respect to the conspiracy counts and they are summarily dismissed pursuant to 28 U.S.C. § 1915(d).

■ Counts Two, Four, Six, Eight, Ten, Twelve, and Fourteen ("the criminal counts") all allege violations of federal criminal statutes. Because the statutes cited do not create a private right of action, Castellanos lacks standing to sue defendants for the criminal law violations cited in the criminal counts. *See Lovelace v. Whitney,* 684 F.Supp. 1438, 1441 (N.D.Ill.1988), *affd without op.,* 886 F.2d 332 (7th Cir.1989); *cf. Jennings v. Emry,* 910 F.2d 1434, 1438 n. 7 (7th Cir.1990). Accordingly, the criminal counts are all summarily dismissed pursuant to 28 U.S.C. § 1915(d).

■ In Count Five, Castellanos asserts that assistant United States Attorney John McKenzie and unknown employees of the United States Marshal Service and Bureau of Prisons withheld needed medical care from him during five days in December 1989 when he was confined at the Metropolitan Correctional Center in Chicago ("MCC"). To state an arguable claim for denial of medical care, Castellanos must allege facts evidencing a deliberate indifference to serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Holmes v. Sheahan,* 930 F.2d 1196, 1199 (7th Cir.), *cert. denied,* 502 U.S. 960, 112 S.Ct. 423, 116 L.Ed.2d 443 (1991); *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir. 1985). Castellanos alleges only that he suffered a severe ulcer attack while at MCC. McKenzie, who was stationed in Rockford, had no responsibility for providing Castellanos with medical care at MCC. That McKenzie "hoped the exposure to prison ... would cause [Castellanos] to break down and assist the government" does not render him liable for every mishap Castellanos encoun-

tered while incarcerated. Although other defendants may have had a duty to provide Castellanos with access to needed medical care, Castellanos does not allege that he ever asked any of them for help. Not only does Castellanos fail to allege any facts to support an inference that defendants deliberately denied him medical care, he does not allege that he suffered any injury as a result of a delay in medical attention. *See Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir.1974), *cert. denied,* 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975). Consequently, finding that the facts alleged fail to raise an arguable claim for deliberate indifference to serious medical needs, the court summarily dismisses the claim of inadequate medical care in Count Five of the complaint.

■ Only Count Three of the complaint remains. In Count Three, Castellanos alleges that four local John Doe plainclothes police officers violated his constitutional rights under the Fourth and Fifth Amendments when they stole property from his Del Rey Beach, Florida residence after conducting a warrantless search on November 30, 1989. As the purportedly illegal search is not alleged to have played any role in Castellanos' conviction, *Heck* does not preclude Castellanos from proceeding with this claim. Nonetheless, the court finds that it would not be appropriate to allow Castellanos to proceed with his illegal search and seizure claim at this time.

Defendants may have several potential defenses to the claim asserted in Count Three. But none is so firmly established in the current record as to permit the court to conclude that Castellanos' claim is irremediably frivolous. For example, at first blush, it would appear that Castellanos' claim of illegal search and seizure is untimely. Because the district court in Florida transferred the action to this court pursuant to 28 U.S.C. § 1404(a), the law of the transferor court presumably applies. *See Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) (court must apply law of transferor forum following § 1404(a) transfer of diversity case); *Pelullo v. Patterson,* 788 F.Supp. 234, 239–41 (D.N.J.1992). The statute of limitations for a civil rights complaint

filed in federal court in Florida is four years. *Fletcher v. Florida,* 858 F.Supp. 169, 171 (M.D.Fla.1994); *Farmer v. City of Ft. Lauderdale,* 814 F.Supp. 1101, 1102 (S.D.Fla. 1993). Lodged with the clerk on February 24, 1994, the complaint here ostensibly was not filed within the limitations period. In the Eleventh Circuit, however, complaints from pro se inmates are deemed filed on the date the inmate delivers it to prison officials for mailing to the court. *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir.1993). The exact date that Castellanos gave his complaint to prison officials for mailing cannot be ascertained from the record here. Even if Castellanos did not "file" his complaint with prison officials within the requisite four-year period, the court would be reluctant to summarily dismiss the complaint without at least giving him some opportunity to respond and show why the statute of limitations does not bar his action.

The court need not require additional input from Castellanos on the limitations question for this district is not a fitting forum for further action in this case. Stripped of the obviously frivolous claims, only one count remains in the complaint. Count Three involves the claim of a Florida resident against Florida defendants regarding a claim that arose in Florida. The limitations law to be applied is the law of Florida. Whatever convenience factors once existed to justify transfer of the case to this court are no longer present. Any further decision on whether Castellanos should proceed on Count Three should be made in the United States District Court in the Southern District of Florida. Accordingly, the court orders that this case be transferred back to that court pursuant to 28 U.S.C. § 1404(a) for further proceedings.

In conclusion, all counts of the complaint save Count Three are summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). Directed at officials who are not party to this case, plaintiff's motion for a temporary restraining order and/or a permanent injunction and motion to dispense with the requirement of security are denied. Finding the United States District Court for the Southern District of Florida a more convenient forum for plaintiff's claims against the John

Doe defendants in Count Three, the court orders this case transferred back to that court for further proceedings. Plaintiff's motion for appointment of counsel and motion for service of process by the United States marshal are entered and continued for ruling by the transferee court.