Ismael HERNANDEZ, Plaintiff,

v.

METRO-DADE COUNTY
et al., Defendants.

No. 96-3636-CIV.

United States District Court,
S.D. Florida.

May 7, 1997.

Charles Baron, North Miami Beach, FL, for Plaintiff.

Thomas A. Tucker Ronzetti, Dade County Attorney's Office, Miami, FL, Richard McDuff, Ft. Lauderdale, FL, Russell A. Friemel, Fort Worth, TX, Hugh Koerner, Ft. Lauderdale, FL, for Defendants.

## ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS OF DEFENDANTS CITY OF MIAMI SPRINGS AND JESUS RODRIGUEZ

JAMES LAWRENCE KING, District Judge.

THIS CAUSE, arising out of allegations of an arrest and detention based on mistaken identity, comes before the Court upon a Motion To Dismiss Or, In The Alternative, For Summary Judgment filed by Defendants City of Miami Springs (the "City") and Jesus Rodriguez, a City police officer, on April 1, 1997. Plaintiff, Ismael Hernandez, filed a Response in opposition on April 22, 1997. Defendants filed a Reply on April 28, 1997.

## I. FACTUAL BACKGROUND

■ The Court herein summarizes the allegations contained in Plaintiff's lawsuit, filed December 19, 1996. Plaintiff alleges that on December 20, 1992,[1] he was pulled over while driving in the City of Miami Springs. Officer Rodriguez, who had arrived at the scene, decided to arrest Plaintiff because a background check showed that one "Izmael M. Hernandez" was wanted by Tarrant County, Texas, on kidnapping charges. "The arrest affidavit stated that 'ID' was based on 'FPC' (meaning fingerprint classification) based on 'NCIC HIT, TELETYPE.'" (Pl.'s Compl. ¶ 21.) Plaintiff showed Officer Rodriguez his identification and social security number and protested his innocence. He was arrested nonetheless and transferred to the Dade County Jail. In jail, Plaintiff informed an

---

1. The statute of limitations has not run in this case. The statute of limitations applicable to a claim brought under 42 U.S.C. § 1983 is the statute of limitations for the tort prescribed by the state in which the action arose. *See Farmer v. City of Fort Lauderdale,* 814 F.Supp. 1101, 1102 (S.D.Fla.1993) (citing *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). The statute of limitations applicable to Plaintiff's tort actions against City is four years. Fla.Stat.Ann. § 768(13) (West Supp.1997). Four years is also the limitation period for the claim against Officer Rodriguez, Fla.Stat.Ann. § 95.11(3)(o) (West Supp.1997).

unspecified number of John Does (Defendants working for Metro–Dade whose names are unknown to Plaintiff) that he was not Izmael M. Hernandez and had never been to Texas. (*Id.* ¶ 25.)

The next day, at his first court appearance, Plaintiff repeated his assertions to a Dade Circuit judge. The Judge told Plaintiff, through an interpreter, that

> if he did not accept extradition, he would be held in METRO–DADE custody for up to ninety (90) days and would then have a hearing to determine whether he would be extradited; however, if he would accept extradition, he would be held for a maximum of ten (10) days in METRO–DADE custody before someone from Texas would come for him.

(*Id.* ¶ 27.) He chose extradition, which occurred on December 29, 1992, when Tarrant County Sheriff's Deputy Alvin Melman picked him up, walked him in handcuffs through two airports, and flew with him back to Texas. (*Id.* ¶ 33.) Plaintiff repeated his assertions to Deputy Melman.

Because the instant Motion addresses only the claims against Defendants City and Officer Rodriguez, the Court further condenses the facts in stating that, once in Tarrant County, officials there discovered that Plaintiff was not the fugitive they were seeking. This discovery resulted from looking at actual photographs and fingerprints of the fugitive, (*id.* ¶ 34), and from determining that a wrong fingerprint classification had been entered into the computer and that the correct classification was "completely different" from Plaintiff's classification, (*id.* ¶ 35). Plaintiff was released on December 30, 1992, and he arrived back in Miami the next day. Plaintiff states:

> As a result of his detention, Plaintiff spent the Christmas holiday in jail rather than with his family as planned.... Plaintiff lost his job as a roofer, as his employer replaced him and would not hire him back. Plaintiff could not get another job for approximately two months.

(*Id.* ¶¶ 38–39.) Plaintiff asserts that the Defendants, including City and Officer Rodriguez, should have had procedures to verify that he was not the fugitive. He lists numerous "major differences" between himself and the fugitive: facial, hair, and body appearances; fingerprints; names (in addition to the spelling of the first name, Plaintiff has no middle name or initial); home addresses; country of origin (Plaintiff immigrated from Cuba on May 19, 1991, whereas the fugitive, of Mexican origin, was arrested in Tarrant County on August 19, 1990, before Plaintiff's arrival in the United States); social security numbers; wives' names; and driver's licenses. (*Id.* ¶ 22.)

## II. LEGAL STANDARD

The Court treats Defendants' Motion as seeking dismissal, not as one for summary judgment, as the Defendant has not presented any evidence of the sort referred to in Rule 56 of the Federal Rules of Civil Procedure.

A motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. "[D]ismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990 & Supp. 1996); *see also Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

The instant Motion relates only to Counts V–VII, brought against City of Miami Springs; and Count VIII, brought against Officer Rodriguez in his individual capacity. The Court considers each count, though not in numerical order for a reason to be explained.

## A. Section 1983 claim against the City

In Count V, Plaintiff alleges the City violated his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, and he seeks damages pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. ¶¶ 73–78.) He alleges that the City arrested and detained him without taking adequate steps to verify his identity because of a policy devoid of procedures designed to prevent the arrest and detention of innocent persons based on out-of-state warrants. By failing to take steps to verify his identity, despite his protestations, the City showed deliberate indifference to violation of his constitutional rights.

■ Defendant, in moving for dismissal of this claim, cites two Seventh Circuit cases, *Brown v. Patterson,* 823 F.2d 167 (7th Cir. 1987) and *White v. Olig,* 56 F.3d 817 (7th Cir.1995). Neither case is controlling and, in any event, both support Plaintiff, *see* 823 F.2d at 169 (upholding dismissal where plaintiff's complaint contained "no suggestion that the city ... has a custom or policy" of not making an effort to rule out mistaken identity of arrestees who protest their innocence on that basis); 56 F.3d at 820 (holding that, where plaintiff does not allege violation of a liberty interest, defendants' alleged violations of state law were irrelevant to determination of § 1983 liability).

By contrast, *Rivas v. Freeman,* 940 F.2d 1491 (11th Cir.1991), which Plaintiff cites and which is controlling, clearly holds that "liability may be imposed due to the existence of an improper policy or from the absence of a policy," *id.* at 1495, provided that a plaintiff pleads and proves "deliberate indifference to his constitutional rights as a result of ... missing policies and procedures," *id.* at 1496. Plaintiff in the instant case sufficiently alleges that his rights were violated due to City actions, which actions amounted to deliberate indifference and were based on City policy. He also sufficiently alleges supporting facts—e.g., that the City through its officers

took no action to discover the numerous differences between himself and the real fugitive. *See Cannon v. Macon County,* 1 F.3d 1558, 1565 (11th Cir.1993) (upholding dismissal where plaintiff failed to allege "any facts whatsoever to indicate that the alleged violation was a result of a County policy or practice").

## B. False arrest/false imprisonment claim against City

In Count VII, Plaintiff alleges that City is vicariously liable for causing him to be arrested and detained for an unreasonable length of time.

■ Defendant argues that, based on the outstanding warrant for the real fugitive, Officer Rodriguez had probable cause to arrest Plaintiff and that "probable cause is an absolute defense to a claim for false arrest or false imprisonment." (Def.'s Mot. to Dismiss at 8.)

■ Although probable cause is a defense to false arrest and false imprisonment,[2] it is an affirmative defense, *see, e.g., Miller v. City of Jacksonville,* 603 So.2d 1310, 1311 (Fla. 1st Dist.Ct.App.1992). As an affirmative defense,

> [T]he burden is upon the defendant to establish the existence of probable cause in order to successfully assert this defense. The defendant must show that the facts and circumstances known to the arresting officer were sufficient to cause a reasonably cautious person to believe that the suspect was guilty of committing a crime.... [T]he defense of probable cause must be submitted to the jury where there is material controversy as to the facts upon which the officer relied in making the arrest.

*Id.* (citations omitted). Thus, where Plaintiff, as here, has stated a prima facie case of false arrest/false imprisonment, dismissal would be improper.[3]

---

**2.** There is no need for the Court, at least at this juncture of the case, to distinguish between the arrest and the imprisonment of Plaintiff. "False imprisonment and false arrest are different labels for the same cause of action." 24A Fla.Jur.2d *False Imprisonment and Malicious Prosecution* § 1, at 406 (1995 & Supp. Feb. 1997).

**3.** *Kanner v. First National Bank of South Miami,* 287 So.2d 715, 717 (Fla.3d Dist.Ct.App.1974) is often cited for the elements of false imprisonment: "False imprisonment is the unlawful restraint of a person against his will" and "the restraint must be unreasonable and unwarranted

## C. Negligence claim against City

In Count VI, Plaintiff alleges that the City was negligent, in failing to take steps to find out Plaintiff's true identity, especially in light of the fact that Plaintiff's name is one of the most common in the Miami area. Plaintiff seems to allege that City was not only vicariously liable based upon Officer Rodriguez's negligence, but also directly negligent. (Pl.'s Compl. ¶¶ 79–87.) Because Plaintiff's Response, however, predicates negligence only on vicarious liability, (*id.* at 11), the Court reads Count VI in line with this narrower interpretation.

Defendant, relying on *Carpenter v. City of St. Petersburg,* 547 So.2d 339 (Fla. 2d Dist. Ct.App.), *rev. denied,* 554 So.2d 1167 (1989) argues that the doctrine of sovereign immunity protects it from liability for "negligent arrest."

 The Court finds that Count VI should be dismissed, though not for the reason cited by Defendant. As stated *supra,* Plaintiff has stated a claim for false arrest/false imprisonment. "To constitute false imprisonment, the defendant must either intend to cause confinement or have knowledge that confinement to a substantial certainty will result from his actions." 24A Fla.Jur.2d *False Imprisonment and Malicious Prosecution* § 1, at 406 (1995 & Supp. Feb. 1997) (citing *Johnson v. Weiner,* 155 Fla. 169, 19 So.2d 699, 700 (1944)). Conceptually, then, negligence stemming from an arrest and/or imprisonment is subsumed by the tort of false arrest/false imprisonment.[4] Thus Plaintiff need not plead in the alternative, as he appears to be doing.

## D. False arrest/false imprisonment against Officer Rodriguez

In Count VIII, Plaintiff alleges that Officer Hernandez's actions constituted false arrest/false imprisonment.

 Defendants move to dismiss this count based on Florida Statute § 768.28(9)(a):

No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in *bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.*

Fla.Stat.Ann. § 768.28(9)(a) (West Supp. 1997) (emphasis added). Defendants state that, because Plaintiff, in paragraph 9 of his Complaint, alleges that Officer Rodriguez was acting within the scope of his employment, "there is no allegation that Defendant RODRIGUEZ acted in bad faith or with malice." (Defs.' Mot. to Dismiss at 7.)

Although Plaintiff did indeed plead in paragraph 9 that Officer Rodriguez was acting within the scope of his employment, Plaintiff also pleads within Count VIII itself that "[t]he actions of said Defendant ... were in willful, wanton and reckless disregard of Plaintiff's rights." (Pl.'s Compl. ¶ 100.) As such, the allegation satisfies the emphasized portion of the above-quoted § 768.28(9)(a).

## IV. SUMMARY OF ORDERS

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment be and is hereby DENIED as to Counts V, VII, and VIII; and GRANTED as to Count VI. Count VI is DISMISSED.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of May 1997.

---

under the circumstances." (quoting 14 Fla.Jur. *False Imprisonment* §§ 2–3 (1957).)

**4.** The Court's research on this point turns up no evidence in Florida, or in any other state, of a cause of action for negligence stemming from an arrest or imprisonment.