ALLEN, J.,
concurring.
A trial court may not direct a verdict against a party if there is any evidence upon which the jury could lawfully make a finding in favor of that party. Miller v. City of Jacksonville, 603 So.2d 1310 (Fla. 1st DCA 1992). Directed verdicts in negligence cases are rarely proper because the elements of negligence are usually subject to more than one interpretation. Regency Lake Apartments Assocs. Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991). The trial court erred in directing a verdict for the appellees/defendants in this automobile negligence case because there was evidence upon which the jury might lawfully have found in favor of the appellant/plaintiff.
The jury might reasonably have concluded from the testimony presented that the driver failed to take any action to avoid colliding with the decedent despite observing him over a distance equal to half the length of a football field or more. And the jury might also have concluded that, had the driver been reasonably attentive and responsive to the sudden emergency with which he was confronted, there was ample time for him to simply redirect the vehicle a few feet into the unoccupied left lane of the divided highway, thereby avoiding the collision. Although expert testimony as to this latter determination might have been helpful, it was not a prerequisite to the jury’s lawful authority to reach its own conclusion based upon the evidence that was presented. See, e.g., Zwinge v. Hettinger, 530 So.2d 318 (Fla. 2d DCA 1988).