[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13827
Non-Argument Calendar

_____

D. C. Docket No. 07-00465-CV-OC-10-GRJ

PRECIOUS ROCKER,

Plaintiff-Appellant,

versus

CITY OF OCALA, FLORIDA,
et al.,

Defendants,

SHERIFF OF MARION COUNTY, FLORIDA,
in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 3, 2009)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Precious Rocker appeals the district court's order of summary judgment and award of costs in favor of the Marion County Sheriff on her claim under 42 U.S.C. § 1983 that the Sheriff's failure to train officers under his supervision resulted in the violation of her Fourth Amendment rights.[1] We affirm both the district court's summary judgment order and its award of costs.

## I. Background

On September 11, 2006, members of the Marion County Multi-Agency Drug Enforcement Team ("MADET") videotaped an unidentified man and woman selling illegal drugs to Peter Barbato, a confidential informant. On October 25, 2006, MADET detective T. Liberatore displayed a photographic lineup to Barbato. Barbato immediately identified the male suspect but could not identify the female suspect from the photographic lineup. Barbato then asked to see the videotape surveillance and incorrectly identified the female suspect as Rocker.

Liberatore added the drug charges against Rocker, who was already in the Marion County Jail on unrelated charges.[2] The Sheriff's Office never inquired into

---

[1]The district court dismissed Rocker's state law claims without prejudice.

[2]The unrelated charges were dropped on December 1, 2006.

Rocker's alibi and failed to notice that the female suspect had a visible deformity and different body type from Rocker. Rocker repeatedly protested her innocence and was released without charge on April 13, 2007.

Rocker sued the Sheriff of Marion County in his official capacity under 42 U.S.C. § 1983, claiming that the Sheriff's lack of a policy or procedure for training officers in identifying suspects from photographic lineups led to a violation of her Fourth Amendment rights. Deposition testimony pointed to a total of three incorrect photographic lineup identifications, all made by Barbato as part of his 576 identifications for MADET. The district court issued a protective order that prevented Rocker from deposing the Sheriff, granted the Sheriff's motion for summary judgment, and awarded him costs. Rocker appeals, arguing that (1) the district court erred in granting summary judgment, and (2) the district court abused its discretion in taxing the Sheriff's costs to her.

## II. Discussion

We review the district court's grant of summary judgment de novo and construe all reasonable doubts about the facts in favor of the non-movant. Gilmour v. Am. Nat'l Red Cross, 385 F.3d 1318, 1321 (11th Cir. 2004). We review the district court's protective order and decision to tax costs to Rocker for an abuse of discretion. Chapman v. AI Transp., 299 F.3d 1012, 1039 (11th Cir. 2000) (en

banc).

Rocker argues that summary judgment was improper because § 1983 liability is appropriate when the lack of a policy or procedure for training officers demonstrates deliberate indifference to constitutional rights. See Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). She claims that the Sheriff's lack of a training policy demonstrated that he was deliberately indifferent to arrests made without probable cause.

Responsible policy makers or the governmental entity they represent may be held liable under § 1983 when a constitutional injury suffered by the plaintiff is the direct result of the implementation of a custom or policy of the government. The failure to establish a policy or procedure for adequately training officers may constitute a "policy" giving rise to § 1983 liability, even in cases where the supervising official was not personally involved. City of Canton v. Ohio, 489 U.S. 378 (1989). Taken in the light most favorable to Rocker, the facts show that the Sheriff did not have a policy for training his officers in the use of photographic lineups.

The next question is whether this lack of a policy demonstrated a deliberate indifference to Rocker's Fourth Amendment rights. Rocker relies on Rivas v. Freeman, in which we found deliberate indifference when the defendant sheriff

"knew of prior instances of mistaken identity, but allowed his deputies to detain individuals even where discrepancies existed." 940 F.2d 1491, 1496 (11 Cir. 1991); see also Hernandez v. Metro-Dade County, 992 F. Supp. 1365 (S.D. Fla. 1997). She claims that the Sheriff had actual or constructive knowledge of previous misidentifications and was deliberately indifferent toward the need for a new photographic lineup policy.

Rivas must be read alongside our other cases discussing § 1983 liability for a failure to establish training policies. The Supreme Court has made it clear that, in this context, deliberate indifference only arises in "limited circumstances" and requires a "deliberate" or "conscious" choice. City of Canton, 489 U.S. at 387-389. Moreover, "[b]efore such liability arises . . . the need for such training must be plainly obvious to Department decisionmakers." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990). The need for training is not plainly obvious unless there is "evidence of a history of widespread prior abuse." Id.

In this case, the evidence revealed only three mistaken identifications out of hundreds. Barbato alone had an error rate of less than one percent.[3] In two of those instances, evidence showed that he confused siblings with a strong family resemblance. These three misidentifications are not enough to create a genuine

_____

[3]There is no evidence in the record reporting misidentifications by other confidential informants.

5

issue of material fact as to whether there was a history of widespread abuse that made it plainly obvious training procedures were required.

Rocker also claims that summary judgment was inappropriate because the court abused its discretion by refusing to allow her to depose the Sheriff.  See Jones v. Columbus, 120 F.3d 248 (11th Cir. 1997) (holding that parties opposing summary judgment must be allowed adequate opportunity to complete discovery before consideration of the motion).  The court granted the protective order on the condition that Rocker could depose the Sheriff upon establishing that he had unique knowledge about her case.  The Sheriff made all of his officers available for depositions; they should have been able to testify to the incidence of misidentifications in MADET.  Thus, the court did not abuse its discretion in requiring Rocker to make a special showing to depose the Sheriff.

Finally, Rocker argues that the district court abused its discretion in taxing costs to her because she was indigent.  In support, she points to a sworn declaration stating that she is unemployed, has not earned more than $2,200 in a year, and that her son is on Medicaid.  The financial status of the non-prevailing party, however, is a factor that the court "may, but need not consider, in its award of costs pursuant to Rule 54(d)."  Chapman, 229 F.3d at 1039.  Thus, the district court did not abuse its discretion in entering costs against Rocker.

The district court's order of summary judgment and award of costs are

**AFFIRMED.**