543 So.2d 1301 (1989)
METROPOLITAN DADE COUNTY, Appellant,
v.
James Russell NORTON, Appellee.
No. 88-2189.
District Court of Appeal of Florida, Third District.
May 30, 1989.
Robert A. Ginsburg, Dade County Atty., and James J. Allen, Asst. County Atty., for appellant.
Rhea P. Grossman, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Dade County appeals from a judgment entered on a jury verdict finding the county liable for false arrest and awarding James Russell Norton $10,000. For the reasons which follow, we reverse the trial court's order denying the county's motion for a directed verdict and, on remand, direct the trial court to enter judgment for the county; we affirm on Norton's cross-appeal.
In October, 1985, off-duty Metro Dade Detective Peter Hames witnessed Norton driving a pickup truck from which someone threw a cup filled with liquid and ice. The liquid and ice struck a group of children. Detective Hames, driving his personal car, followed and stopped the truck, identified himself, and, upon learning that Norton did not have a driver's license in his possession, called for an on-duty uniform unit. While awaiting the on-duty officers, Norton gave the keys to the truck to one of his passengers who tried to drive it away. Norton was charged with littering and license violations and obstruction of justice. All charges were dismissed.
Norton sued Dade County for false arrest, false imprisonment, and malicious prosecution. The trial court dismissed the count for malicious prosecution on the ground of sovereign immunity.[1]
At trial on the remaining counts, Norton admitted that a cup had been thrown from the pickup truck which he was driving and that the cup and ice landed close to the children.
At the close of plaintiff's case, the county moved for entry of a directed verdict on the ground that, as a matter of law, Detective Hames had probable cause to arrest Norton. The trial court denied the motion, as well as the county's renewed motion for *1302 a directed verdict at the close of the evidence.
The trial court ruled as a matter of law that Detective Hames was acting as a private citizen when he arrested Norton but also ruled as a matter of law that Dade County was legally responsible for Norton's arrest. The trial court left to the jury the question of whether Detective Hames had probable cause to arrest Norton. The jury found that Detective Hames had no probable cause to arrest Norton and awarded Norton $10,000 in damages.
The trial court erred in denying the county's motion for a directed verdict at the close of all the evidence. In an action for false arrest, "what facts and circumstances amount to probable cause is a question of law for the court, but whether a certain set of facts and circumstances exist is a question of fact for the jury." Morton v. Gardner, 513 So.2d 725, 727 n. 5 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 305, 102 L.Ed.2d 324 (1988). The relevant facts here are not at issue; Norton admitted that littering occurred, and it is uncontroverted that Detective Hames observed the littering. There was thus no question of fact to be resolved by the jury.
The trial court erred, therefore, in allowing the jury to determine whether Detective Hames had probable cause to arrest Norton. As a matter of law, Detective Hames had probable cause to arrest Norton. Section 901.15(1), Florida Statutes (1985), provides that "[a] law enforcement officer may arrest a person without a warrant when ... [t]he person has committed a felony or misdemeanor ... in the presence of the officer." It matters not who threw the cup. Section 403.413(4)(a), Florida Statutes (1985), provides that "... when any litter is thrown or discarded from a motor vehicle, the operator ... shall be deemed in violation of this section." Violation of the littering statute is a second degree misdemeanor. Section 403.413(5)(a). Detective Hames witnessed the commission of that misdemeanor; therefore, as a matter of law, he had probable cause to arrest Norton.
Probable cause has been defined in the context of malicious prosecution as "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense for which he is charged." Thomson McKinnon Sec. v. Light, 534 So.2d 757 (Fla. 3d DCA 1988). Detective Hames' direct observation of the littering offense clearly amounted to a reasonable ground of suspicion. Moreover, section 790.052, Florida Statutes (1985), provides that
(1) All full-time police officers, Florida highway patrolmen, agents of the Department of Law Enforcement, and sheriffs' deputies shall have the right to carry, on or about their persons, concealed firearms, during off-duty hours, at the discretion of their superior officers, and may perform those law enforcement functions that they normally perform during duty hours, utilizing their weapons in a manner which is reasonably expected of on-duty officers in similar situations. (Emphasis added.)
Therefore, even though Detective Hames was not on duty, he had the authority to arrest Norton without a warrant after he observed Norton commit a misdemeanor.
Detective Hames had probable cause to arrest Norton; probable cause is an affirmative defense to an action for false arrest and false imprisonment. Rothstein v. Jackson's of Coral Gables, 133 So.2d 331 (Fla. 3d DCA 1961). Dade County was entitled to a directed verdict at the close of all the evidence.[2]
Reversed and remanded with directions to enter a directed verdict for the defendant; affirmed on the cross-appeal.
NOTES
[1] On Norton's cross-appeal, we affirm the dismissal of the count for malicious prosecution. Section 768.28, Florida Statutes (1985), does not waive sovereign immunity for torts involving malice. Sebring Utils. Comm'n v. Sicher, 509 So.2d 968 (Fla. 2d DCA 1987).
[2] The county contends on appeal that the primary error committed by the trial court was the conflicting set of instructions that (a) Detective Hames was acting as a private citizen; and (b) Dade County was liable for Detective Hames' acts. Because we hold that probable cause existed for Norton's arrest, we need not reach this point or any of the remaining points on appeal.