731 So.2d 40 (1999)
Kristen HUEBNER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3668.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
*41 Richard W. Springer and Catherine Mazzullo of the Law Office of Springer & Springer, Palm Springs, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Kristen Huebner pled no contest to a charge of driving while under the influence in Palm Beach County Court, but reserved the right to appeal the order denying her motion to suppress. On appeal, the defendant argues that the trial judge erred in denying her motion to suppress evidence obtained as a result of an unlawful stop and arrest. She claims that the arrest was unlawful because it was made by an officer who was outside of his jurisdiction and not engaged in fresh pursuit. Additionally, she challenges the arresting officer's reliance upon facts communicated to him by an off-duty officer, who she contends lacked authority to detain or arrest her outside of his jurisdiction.
In the order denying appellant's motion to suppress, the county court judge certified the following issues to this court as issues of great public importance, pursuant *42 to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160:
I. WHETHER AN OFF-DUTY POLICE OFFICER IS AN OFFICER FOR PURPOSES OF FLORIDA STATUTES 901.18, 901.25(2) AND THE "FELLOW OFFICER" DOCTRINE.
II. WHETHER AN OFFICER IS IN "FRESH PURSUIT", WITHIN THE MEANING OF FLORIDA STATUTE 901.25, WHERE HIS TESTIMONY ESTABLISHES THAT HE HAS PROBABLE CAUSE TO ARREST A SUSPECT FOR VIOLATIONS OF LAW COMMITTED IN HIS JURISDICTION, AND FOLLOWS THE SUSPECT INTO A FOREIGN JURISDICTION WITH THE INTENTION TO HAVE THE SUSPECT STOPPED OR ARRESTED, AND TAKES ACTIONS WHICH LEAD TO SUCH ARREST BY ANOTHER OFFICER THAT HE SUMMONED FROM HIS JURISDICTION, ALTHOUGH HE TESTIFIED THAT HE WAS NOT IN "FRESH PURSUIT".
We exercise our discretionary jurisdiction to review these certified questions, because they involve the application of statutes and rules governing the arrest authority of police officers in circumstances that may often occur on our streets and highways. Consequently, our resolution of these issues may have state-wide impact upon motorists.
We begin by observing that the east coast of South Florida has grown rapidly, and today can best be described as a megalopolis, with one small municipality abutting the next, each boasting its own police force and populated by hundreds of drivers routinely crossing municipal boundaries. We believe that it would be helpful to the uniform administration of justice in traffic-related cases to clarify the law implicated in the issues raised in this appeal.
Appellant was charged by information with driving under the influence. She moved to suppress all evidence obtained as a result of the stop that led to her arrest. In the order denying appellant's motion to suppress, the trial court summarized the pertinent facts in this case as follows:
The defendant was seen driving in an extremely poor manner by Officer Christophers [sic], an off-duty officer, driving his civilian vehicle, inside of his jurisdiction, who followed the vehicle, keeping it in sight as it traveled through several jurisdictions. Officer Christophers testified that the defendant tailgated his vehicle, went the wrong way down a one-way street, ran a red light, weaved on the road, passed him at a high rate of speed, and drove at times straddling two lanes. The officer radioed for assistance from an on-duty officer from his department. The defendant's vehicle was stopped by an officer from Officer Christophers' jurisdiction, summoned by Officer Christophers, outside of his jurisdiction, who did not witness any poor driving. Officer Christophers testified that he was not chasing the defendant in "fresh pursuit."
Based upon the above-recited facts, the trial judge denied the motion to suppress and found in his written order that Officer Christoffers had a legal basis, either as a police officer or a citizen, for stopping the defendant, inside his own jurisdiction, because the defendant's driving was so erratic as to constitute a breach of the peace and a violation of various traffic laws under Chapter 316, Florida Statutes. The court further found that Officer Christoffers, as a sworn police officer, could have properly arrested the defendant pursuant to section 901.25(2), Florida Statutes, (1997) in "fresh pursuit" outside of his jurisdiction, for a suspected violation of chapter 316 that occurred within his jurisdiction. The court noted that although the officer testified that he was not in "fresh pursuit," the facts demonstrated that he was "doing exactly this, going far out of his way, while not on duty, with the unmistakable intention to have the defendant arrested or stopped for violations of law *43 occurring inside of his jurisdiction." Citing McNeil v. State, 512 So.2d 1062 (Fla. 4th DCA 1987), the trial judge ruled that the officer's characterization of his actions was not binding on the court. The court next decided that Officer Christoffers' status as an off-duty officer did not preclude him from relying on section 901.18 and the "fellow officer" doctrine to communicate his probable cause information to the DUI unit officer who ultimately effected the arrest. We agree with the trial court's well-reasoned order and conclude that the stop was proper under the "fellow officer" rule and "fresh pursuit" theory. We answer the certified questions in the affirmative.
Section 901.18, Florida Statutes (1997), authorizes a "peace officer" making a lawful arrest to command the aid of persons he deems necessary to make the arrest, and confers on persons so commanded the same arresting authority as is held by the peace officer. Section 901.25(2), Florida Statutes, provides that any duly authorized state, county, or municipal arresting officer may arrest a person outside his jurisdiction when in fresh pursuit. Section 901.15, Florida Statutes (1995), in pertinent part, authorizes a "law enforcement officer" to make an arrest without a warrant, either immediately or when he is in fresh pursuit, when a violation of chapter 316 has been committed in the officer's presence.[1] Chapter 316 is Florida's uniform traffic control statute.
On the night of appellant's arrest, Officer Christoffers was a law enforcement officer for the Palm Beach Gardens Police Department. However, he was "off-duty" when he observed the appellant driving erratically in Palm Beach Gardens. His shift had ended at 11:00 p.m. and he was driving home in his personal vehicle when he first noticed appellant following too closely behind his car. Contrary to appellant's assertion, his "off-duty" status did not remove his authority to make an arrest or to perform any other law enforcement function he could perform when on duty. See Metropolitan Dade County v. Norton, 543 So.2d 1301 (Fla. 3d DCA 1989); § 790.052(1), Fla. Stat. (1997).
In Norton, an off-duty detective observed someone toss a cup filled with liquid and ice from a moving pickup truck. At that time, littering from a vehicle was a misdemeanor offense, chargeable to the operator of the motor vehicle. §§ 403.413(4)(a) & (5)(a), Fla. Stat. (1985). The detective stopped the truck, and, upon learning that the driver did not have a driver's license in his possession, called for an on-duty backup officer, and arrested the driver for the license violation, littering and other offenses. The charges were later dismissed and the driver subsequently sued for false arrest. The trial court ruled as a matter of law that the off-duty detective had no authority to arrest the defendant and, further, that he lacked probable cause for the arrest. The third district reversed the denial of the county's motion for a directed verdict at the close of all the evidence. In addition to determining that there was probable cause, as a matter of law, for the driver's arrest, the appellate court held that the off-duty detective had authority to arrest the driver pursuant to section 790.052, Florida Statutes (1985). That section provided:
(1) All full-time police officers, Florida highway patrolmen, agents of the Department of Law Enforcement, and sheriffs' deputies shall have the right to carry, on or about their persons, concealed *44 firearms, during off-duty hours, at the discretion of their superior officers, and may perform those law enforcement functions that they normally perform during duty hours, utilizing their weapons in a manner which is reasonably expected of on-duty officers in similar situations.
(Emphasis added).
At times pertinent to the instant case, this statute was essentially the same, but described the persons to whom the provision applies as "[a]ll persons holding active certifications from Criminal Justice Standards and Training Commission as law enforcement officers or correctional officers as defined in s. 943.10(1), (2), (6), (7), (8), or (9)." § 790.052, Fla. Stat. (1995). Thus, there is no distinction between an on-duty or an off-duty officer insofar as his or her authority to perform customary law enforcement functions. We agree with the trial court's conclusion that Officer Christoffers qualified as a "peace officer"[2] or "law enforcement officer" and had the requisite authority to command the assistance of another person in making an arrest under section 901.18 and to make an arrest, outside his jurisdiction, while in fresh pursuit pursuant to section 901.25(2), Florida Statutes (1997).
We note, however, that section 901.18, Florida Statutes, which pertains to the authority of an officer in "making a lawful arrest" to enlist the aid of others, does not apply to the facts in this case, because Officer Christoffers did not arrest appellant or directly participate with Officer Thomas in making her arrest. Rather, the provisions of sections 901.25(2) and 901.15 govern the detention and arrest authority of these officers. Officer Christoffers had the authority to arrest appellant outside his jurisdiction while in fresh pursuit and could properly communicate his observations of the appellant's driving conduct to Officer Thomas. Officer Thomas, in turn, could act upon this information under the "fellow officer" rule in continuing the fresh pursuit and making a valid stop and arrest of appellant for driving under the influence.[3] The "fellow officer" rule or doctrine "operates to impute the knowledge of one officer in the chain of investigation to another." State v. Evans, 692 So.2d 216, 218 (Fla. 4th DCA 1997). As stated in Crawford v. State, 334 So.2d 141, 142 (Fla. 3d DCA 1976), an "arresting officer is not required to have sufficient firsthand knowledge to constitute probable cause. It is sufficient if the police officer initiating the chain of communication ... had first hand knowledge."
Generally, an officer of a county or municipality has no official power to arrest an offender outside the boundaries of the officer's county or municipality. See State v. Shipman, 370 So.2d 1195, 1196 (Fla. 4th DCA), cert. denied, 381 So.2d 769 (Fla. 1980). However, "[t]he fresh pursuit exception allows officers who attempt to detain or arrest within their territorial jurisdiction, to continue to pursue a fleeing suspect even though the suspect crosses jurisdictional lines. The power to arrest after fresh pursuit presupposes that the officer had legally sufficient grounds to detain or arrest before they left their jurisdiction." State v. Phoenix, 428 So.2d 262, 265(Fla. 4th DCA 1982), decision approved *45 and remanded, 455 So.2d 1024 (Fla.1984).
"Fresh pursuit" and "arrest outside the jurisdiction" are defined by section 901.25, Florida Statutes (1995), in pertinent part, as follows:
(1) The term "fresh pursuit" as used in this act shall include fresh pursuit as defined by the common law and also the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony.... It shall also include the pursuit of a person who has violated ... chapter 316 or has committed a misdemeanor.
(2) Any duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside his jurisdiction when in fresh pursuit.
In this case, the trial court made a factual finding that the officers were collectively engaged in fresh pursuit of the appellant. Officer Christoffers first observed appellant driving dangerously in the area of his jurisdiction. He saw her tailgate his vehicle, drive the wrong way down a one-way street, run a red light, weave on the road, pass him at a high rate of speed, and straddle two lanes. This driving conduct, which occurred in his jurisdiction, gave him probable cause to believe that appellant was in violation of Chapter 316 traffic laws. He followed her without interruption and continued behind her when she left the area of his jurisdiction. He dispatched detailed information over his radio about appellant's vehicle and her erratic driving patterns. A patrolman from the specialized DUI unit in Christoffers' jurisdiction, Officer Thomas, immediately responded to the information. Thomas began a fresh pursuit of appellant in his jurisdiction and ended it outside his jurisdiction when he stopped appellant. Although Officer Thomas did not personally witness the appellant's driving conduct, the "fellow officer" rule permitted him to rely on Officer Christoffers' observations in initiating his fresh pursuit of appellant and arresting her outside his jurisdiction for offenses which were commenced within his jurisdiction. See Department of Highway Safety and Motor Vehicles v. Leonard, 718 So.2d 314 (Fla. 5th DCA 1998). See also State v. Englehardt, 465 So.2d 1366 (Fla. 4th DCA 1985); Goodman v. State, 399 So.2d 1120 (Fla. 4th DCA 1981); State v. Potter, 438 So.2d 1085 (Fla. 2d DCA 1983).
In denying appellant's suppression motion, the county judge determined that the facts demonstrated that Officer Christoffers was in fresh pursuit of appellant, even though the officer testified that he was not. The court correctly applied the principle that an officer's characterization of his actions is not binding on the court. See McNeil. Officer Christoffers followed appellant's vehicle and kept it within sight from the time he first saw her driving until the time the other officer responded to his dispatch information and arrested appellant.
In sum, appellant's erratic driving behavior provided sufficient justification for her stop and arrest. Officer Christoffers, though off-duty, was authorized to detain and arrest appellant outside his jurisdiction, because he was in fresh pursuit after observing her commit chapter 316 offenses within his jurisdiction. Under the "fellow officer" doctrine, Officer Christoffers' knowledge was properly imputed to Officer Thomas, who lawfully stopped appellant and made additional observations justifying appellant's arrest for driving while under the influence.
Accordingly, we affirm the order of the trial court denying the motion to suppress and respond to each of the issues of great public importance in the affirmative.
AFFIRMED.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] As amended, section 901.15 (1997) now provides in subsection (5) that a law enforcement officer may arrest a person without a warrant when "[a] violation of chapter 316 has been committed in the presence of the officer. Such an arrest may be made immediately or in fresh pursuit. Any law enforcement officer, upon receiving information relayed to him or her from a fellow officer stationed on the ground or in the air that a driver of a vehicle has violated chapter 316, may arrest the driver for violation of those laws when reasonable and proper identification of the vehicle and the violation has been communicated to the arresting officer."
[2] Although the term "peace officer" is not defined in the Florida Statutes, we deem it reasonable to conclude that the term can be used interchangeably with "law enforcement officer." Formerly, there was a definition of "peace officer" in repealed Chapter 396, which concerned the prevention, control and treatment of alcoholism. A "peace officer" was described there as "any state, county, or municipal public safety officer, including policemen, sheriffs, deputy sheriffs, members of any county public safety department, members of the highway patrol, or any other public safety officers having the power of arrest." § 396.032(6), Fla. Stat. (1991).
[3] It is undisputed that Officer Thomas developed probable cause to arrest appellant for driving while under the influence after observing appellant and administering road sobriety tests.