ANTOON, C.J.
Lloyd Tackett appeals his conviction for trafficking in cocaine[1] arguing that the trial court erred in denying his motion to suppress. Mr. Tackett maintains that he was subjected to an illegal stop and search. The evidence submitted during the suppression hearing demonstrated that Mr. Tackett was pulled over on the highway after the arresting officer observed that his tail lamp was inoperable. From the testimony presented, the trial court concluded that the tail light on Mr. Tackett’s vehicle failed to illuminate the license plate as required by section 316.221(2) of the Florida Statutes (1997), and as a result, the stop of the vehicle was legal. See State v. Snead, 707 So.2d 769 (Fla. 2d DCA 1998). The trial court also concluded that, following the stop, Mr. Tackett volun *478 tarily consented to the arresting officer’s request to search his vehicle. These conclusions involve findings of fact and determinations of credibility which must not be disturbed on appeal. See Franklin v. State, 718 So.2d 902 (Fla. 5th DCA 1998). Accordingly, we affirm.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. § 893.135(l)(b)la, Fla. Stat. (1997).