[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

_____

No. 09-15832
Non-Argument Calendar

_____

D. C. Docket No. 07-00284-CV-5-RS-MD

TERENCE C. EVERETT,

Plaintiff-Appellant,

versus

MARIANNA POLICE DEPARTMENT,

Defendant,

JONATHAN P. SMITH,
MATT VICKERY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 20, 2011)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Terence C. Everett ("Everett") appeals the district court's grant of final judgment in favor of Appellees, former-City of Marianna police officers Jonathan P. Smith and Matt Vickery ("Officer Smith" and "Officer Vickery" or collectively, "the officers"). In entering this judgment, the court found that the officers were not liable under 42 U.S.C. § 1983 for the manner in which they stopped and then used force to arrest Everett. After careful review of the parties' briefs and the proceedings before the district court, we affirm.

Everett advanced two claims for relief before the district court. First, he asserted that the officers unreasonably seized him and his car in violation of the Fourth and Fourteenth Amendments by effecting a traffic stop half-a-mile outside of the City of Marianna's jurisdiction. Second, he alleged that the officers used excessive force in arresting him following that traffic stop. The district court granted partial summary judgment in favor of the officers on claim one, concluding that Officer Smith did not commit an unconstitutional seizure in effecting the traffic stop outside of his jurisdictional authority. The district court denied summary judgment on claim two, however, reasoning that genuine questions of

material fact existed as to whether the officers' use of force was reasonable.[1]

Following a bench trial, the district court entered final judgment in favor of the

Officers. Everett now appeals the entire proceeding below.[2]

I.

Because the reasonableness of the officers' conduct depends upon the

circumstances of the arrest, McCorkmick v. City of Fort Lauderdale, 333 F.3d

1234, 1244 (11th Cir. 2003), we first address Everett's argument that the district

court committed clear error in its factual determinations. To begin, it is undisputed

that shortly after midnight on September 20, 2007, Officers Smith and Vickery

arrested Everett approximately one-half mile outside of the City of Marianna. It is

also undisputed that following his interaction with the officers, Everett was

transported to the hospital, where he required a multiple day stay to recover. What

happened in between, however, was the subject of much dispute.

To be sure, the arrest began peacefully. While still within the City of

---

[1] On interlocutory appeal we affirmed the district court's denial of summary judgment as to the excessive force claim.

[2] We review de novo a district court's legal conclusions after a bench trial, but we review its factual findings for clear error. Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223, 1230 (11th Cir. 2009). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quotation marks omitted). "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. City of Bessemer City, 470 U.S. 564, 575, 105 S. Ct. 1504, 1512 (1985).

Marianna's jurisdiction, Officer Smith observed Everett operating a vehicle with an inoperable tag light. After pursuing Everett outside of the city's jurisdiction, Officer Smith pulled over Everett's vehicle and subsequently ran a background check with Everett's information. The background check revealed an outstanding warrant for Everett's arrest stemming from a ten-year-old worthless check charge. At this time, Officer Vickery arrived on the scene, and the officers proceeded to place Everett under arrest. The parties interacted without conflict at first, and as the district court recounted, Everett "initially cooperated fully with [Officer] Smith, offered no physical resistance, and was treated in a professional manner."

But the peace did not last. According to Everett, once Officer Smith handcuffed Everett's left hand, Officer Vickery approached and without provocation put Everett into a choke hold. Everett claims that this hold caused him to lose consciousness, but argues that based on the severity and type of his injuries, the officers necessarily did not stop their assault. The officers contest this account, and contend instead that they used violent force because Everett physically resisted arrest. According to the officers, after Officer Smith handcuffed Everett's left hand, Everett attempted to escape. Officer Vickery immediately rendered assistance by restraining Everett with a bear hug. Everett continued to resist by reaching back and attempting to grab Officer Vickery's holstered firearm. Officer

4

Vickery then forced Everett to the ground, where Everett continued to resist. At that point, the officers called for back up and eventually subdued Everett.

The district court credited the officers' version of the facts, and we must accept this conclusion unless we are "left with the definite and firm conviction that a mistake has been committed." Proudfoot Consulting Co., 576 F.3d at 1230. Indeed, because the district court found that Everett was not credible, our review is generally limited to whether the court's findings are contradicted by extrinsic evidence or internally inconsistent. Anderson, 470 U.S. at 575, 105 S. Ct. at 1512.

We find no clear error in the district court's factual determinations. While Everett has set forth a plausible alternative account as to the altercation that caused his injury, he has failed to demonstrate any inconsistencies in the district judge's factual findings. Nor has he identified any extrinsic evidence that contradicts the officers' statements. As a result, we hold that Everett failed to carry his high burden of demonstrating clear error in the district court's credibility determination. See Lincoln v. Bd. of Regents of Univ. Sys. of Ga., 697 F.2d 928, 939 (11th Cir. 1983) ("[The clearly erroneous] standard of review imposes an especially heavy burden on the appellant in a case such as this, in which the evidence was largely testimonial, and the district court had the advantage of observing the witnesses and evaluating their credibility firsthand.").

5

In light of this holding, we rely upon the facts as found by the district court to determine whether the manner in which the officers effected the traffic stop and Everett's arrest violated the Fourth Amendment. This is so because in a Fourth Amendment case such as this, "[t]he question is whether [the officers] behaved reasonably in the light of the circumstances before [them]." McCormick, 333 F.3d at 1244.

## II.

We begin with Everett's argument that Officer Smith lacked the authority to initiate the traffic stop outside of the jurisdictional limits of the City of Marianna, and that as a result the stop constituted an unreasonable search and seizure in violation of the Fourth Amendment. We cannot agree.

Although "[g]enerally[] an officer of a county or municipality has no official power to arrest an offender outside the boundaries of the officer's county or municipality," Huebner v. Florida, 731 So. 2d 40, 44 (Fla. 4th DCA 1999), an exception exists when Florida police are engaged in "fresh pursuit." Specifically, "[t]he fresh pursuit exception allows officers, who attempt to detain or arrest within their territorial jurisdiction, to continue to pursue a fleeing suspect even though the suspect crosses jurisdictional lines." Florida v. Phoenix, 428 So. 2d 262, 265 (Fla. 4th DCA 1982). Applying this rule in Huebner, the Florida District

Court of Appeals held that where a defendant committed traffic violations within a county's jurisdiction, the "fresh pursuit" doctrine empowers law enforcement officers to pursue that defendant beyond municipal lines to effect a traffic stop. 731 So. 2d at 45.

For our purposes, Heubner is dispositive of this appeal. Officer Smith testified, the district court accepted, and for the reasons stated above we agree, that the reason for effecting the traffic stop was due to a defective tag light that Officer Smith observed on Everett's vehicle while within the jurisdiction of the City of Marianna. Under Florida law, Everett's inoperable tag light constituted an infraction for which Officer Smith was entitled to effect the traffic stop. Fla. Stat. § 316.221(2); see Tackett v. Florida, 745 So. 2d 477, 477 (Fla. 5th DCA 1999); United States v. Holloman, 908 F. Supp. 917, 922 (M.D. Fla. 1995). As such, because Officer Smith first observed the defective tag light within his proper jurisdiction, and because he maintained his pursuit of Everett from the time when he noticed the violation until effecting the traffic stop, Officer Smith did not violate the Fourth Amendment in effecting the extra-jurisdictional violation. See Heubner, 731 So. 2d at 44–45.

### III.

Finally, Everett argues that the district court erred in concluding that the

7

officers did not violate the Fourth Amendment when they used excessive force effecting Everett's arrest. We reject this argument, and hold that the officers' use of force was appropriate to ensure that Everett did not succeed in obtaining Officer Vickery's weapon and to otherwise subdue him while he continued to resist arrest.

To be reasonable, "the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." Lee, 284 F.3d at 1198. Here, the officers were confronted by a recalcitrant defendant who, in the course of resisting arrest, attempted to and nearly obtained one of the officers' firearms. Then, upon failing to procure the weapon, Everett continued to struggle and otherwise resist arrest. We agree with the district court that the officers' response was reasonable given the threat Everett could have posed had he obtained Officer Vickery's weapon.[3]

## IV.

For the foregoing reasons, we affirm judgment of the district court.

**AFFIRMED.**

---

[3] In so holding, however, we emphasize the context specific nature of this inquiry. As we have consistently held, "[t]he question is whether [the officers] behaved reasonably in the light of the circumstances before [them]." McCormick, 333 F.3d at 1244.