487 So.2d 1144 (1986)
CITY OF JACKSONVILLE, Appellant,
v.
Melonise ALEXANDER, Appellee.
No. BG-281.
District Court of Appeal of Florida, First District.
April 22, 1986.
*1145 Grady W. Martin, Asst. Counsel, Jacksonville, for appellant.
Warren K. Anderson, Jr., Jacksonville, for appellee.
MILLS, Judge.
The City of Jacksonville (City) appeals from entry of a jury verdict in favor of appellee Alexander in her suit against it for false arrest. The City also challenges the trial court's denial of its motion for remittitur. We affirm.
On 5 December 1982, Officer Lonnie Miller was dispatched to May Cohens Department Store (Cohens) in Jacksonville to investigate a possible shoplifting. The dispatcher, without relating the name or phone number of the complainant, described the suspect only as a black female with red shoes and bag. The officer was informed that he would be met outside the store by a Cohens security guard.
Upon his arrival at the store, no guard was outside. According to Miller, he then asked the dispatcher to contact Cohens and obtain a fuller description of the guard. The dispatcher allegedly did so and, after driving "a few minutes" away from the storefront, a black male fitting the description flagged Miller down and indicated Alexander, who was carrying a red bag, as the suspect. Miller requested identification from the man, who produced only a Florida driver's license bearing the name "Sidney Jones." He wore no uniform and carried no Cohens identification or security paraphernalia, such as a walkie-talkie, badge or handcuffs. Miller made no further attempt to verify Jones' identity as a Cohens employee.
Miller called Alexander over to the cruiser. After questioning, during which she denied committing any crime or having been in the store that day, Miller undertook a consensual search of the red bag, which contained no Cohens merchandise. Miller did not look about for "ditched" merchandise or go into the store to ascertain what *1146 was missing. Despite the lack of any hard evidence to corroborate the alleged guard's accusation, Miller issued Alexander a citation charging her with petit theft of "an unknown amount of clothes." She was then allowed to leave.
On the strength of this citation alone, without further inquiry of the store or the arresting officer, the state attorney filed an information against Alexander charging her with petit theft. She was appointed a public defender and a trial date was set. During discovery, however, when her attorney attempted to set the alleged guard Jones for deposition, it was discovered that no one by that name had ever worked for Cohens, nor had a black security guard been employed by the store at the time of the complaint. The charge was thereupon nolle prossed by the state attorney.
At the close of the plaintiff's case in the jury trial of Alexander's complaint for false arrest, in which the foregoing information was adduced, the City moved for directed verdict alleging Alexander's failure to establish that the officer had not had probable cause to arrest her. The motion was denied, the court ruling that probable cause was a defense to Alexander's action which the City had to prove. The defense then put Miller on the stand, who testified only that he "felt he'd had probable cause," despite conceding that Jones had carried no identification or security paraphernalia and that no merchandise was in Alexander's possession.
The jury returned a verdict in Alexander's favor, awarding compensatory damages of $35,000. The City moved for judgment in accordance with its directed verdict motion, claiming that the judge, not the jury, should have determined the issue of probable cause. It also moved for a remittitur. These motions were denied.
Probable cause exists where the facts and circumstances, as analyzed from the officer's knowledge, special training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed. Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983). What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court, the latter for the jury. Probable cause must necessarily be submitted to the jury when the facts upon which the officer relied in determining probable cause are in controversy, the court instructing them what the law is. Weissman v. K-Mart Corp., 396 So.2d 1164, 1167 (Fla. 3d DCA 1981).
Here, the reasonableness of Miller's reliance on the so-called security guard for probable cause depended on the disputed fact of whether he had obtained verifying identification from Cohens. The facts and circumstances on which an officer depends for probable cause must be from a "reasonably trustworthy source." Cross, supra. Given his lack of store identification, the trustworthiness of the guard's information clearly depends on whether Cohens provided the corroborating description as claimed by Miller. Because the receipt of this description was at issue, probable cause was properly submitted to the jury.
A directed verdict should not be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained. White v. Arvanitis, 424 So.2d 886 (Fla. 1st DCA 1982). Here, the denial of the motion was proper as, if the jury believed Alexander's version of the facts, i.e., that the officer arrested her in the absence of store merchandise and without any other reliable information that she had committed a crime, it could reasonably have found in her behalf.
An appellate court should not disturb a verdict as excessive where the trial court refused to disturb the amount, unless the verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury *1147 may properly operate. Lassiter v. International Union of Operating Engineers, 349 So.2d 622, 627 (Fla. 1976). Here, the jury could have found that Alexander endured a verbally abusive experience at the hands of the officer, that she suffered the condemnation of her family and friends and that for two months she suffered the apprehension of going to trial and receiving a jail sentence, all for a nonexistent crime for which the police officer had no probable cause to arrest her. Under these circumstances, we do not find this award to be "inordinately large" and affirm.
SMITH and THOMPSON, JJ., concur.