ORFINGER, Judge.
We affirm the order of the trial court suppressing the results of a pre-arrest breath test on the ground that the results of a chemical test of a driver’s breath to determine the alcohol content of his blodd are admissible in evidence only where the test is incidental to a lawful arrest. § 316.1932(1)(a), Fla.Stat. (1985). The results of a pre-arrest breath test are not admissible into evidence in any civil or criminal proceeding. § 316.1932(1)(b)1, Fla.Stat. (1985). The State suggests that because an officer may compel a driver to submit to a blood test where the officer has probable cause to believe that the driver was operating the motor vehicle while under the influence of alcoholic beverages and has caused death or serious injury, (section 316.1933(1)) which test need not be incident to arrest, that when death or serious injury has occurred the driver can consent to the administration of a less intrusive breath test which should thus be admissible as would be a non-consensual blood test. While this argument is enticing, the legislature has specifically declared that breath tests must be incident to a lawful arrest, and has made pre-arrest breath tests inadmissible. Cf. State v. Williams, 417 So.2d 755 (Fla. 5th DCA 1982). There is nothing in this record to suggest that the defendant consented to a breath test in lieu of a blood test.
AFFIRMED.
COBB and COWART, JJ., concur.