PER CURIAM.
Sun Supermarkets, Inc. claims that a jury verdict of $67,000,[1] for permanent physical impairment and pain and suffering sustained by a young woman who slipped and fell on debris left on the store’s floor, should be set aside as excessive.
An appellate court will not disturb a verdict as excessive unless there is a showing that the verdict is “so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury [could] properly operate.” City of Jacksonville v. Alexander, 487 So.2d 1144 (Fla. 1st DCA 1986) citing Lassitter v. International Union of Operating Eng’rs., 349 So.2d 622 (Fla.1976). The trial court was eminently correct in denying the motion for remittitur as the verdict was not inordinately large. See Bishop v. Ochrach, 464 So.2d 248 (Fla. 3d DCA 1985).
Neither can the verdict on the issue of liability be set aside because there was sufficient competent evidence to create a factual issue for the jury. See Hendricks v. Dailey, 208 So.2d 101 (Fla.1968) (court *811 should not overturn a jury verdict where there is a conflict in the evidence or the reasonable inferences to be drawn therefrom).
Affirmed.

. The award to the plaintiff, Maria Leon, was actually |46,900 after reduction by 30% for Maria’s comparative negligence. No award was made on the husband’s claim for loss of consortium.