661 So.2d 1250 (1995)
Tara COLANDREA, Appellant,
v.
Candace A. KING and Michelle D. Morton, Appellees.
No. 95-00289.
District Court of Appeal of Florida, Second District.
October 25, 1995.
*1251 George Carr, Brenda J. Baietto, and James L. Eskald of James L. Eskald, P.A., Largo, for Appellant.
Stuart L. Lipshutz, and James B. Thompson of the Thompson Law Group, P.A., St. Petersburg, for Appellee King.
No appearance for Appellee Morton.
THREADGILL, Chief Judge.
Tara Colandrea, plaintiff in an action for personal injuries arising out of a motor vehicle accident, appeals an order that dismisses her complaint with prejudice and denies her motion for leave to amend the complaint. We reverse.
Colandrea filed a two-count complaint against Candace King and Michelle Morton seeking damages for injuries arising out of two separate automobile accidents. The complaint was filed within the four-year limitations period set forth for negligence actions in section 95.11(3), Florida Statutes (1989). The complaint, however, failed to allege that the defendants King and Morton operated their respective vehicles negligently. In all other respects, the complaint was adequate to withstand a motion to dismiss. After the statute of limitations period had run, King moved to dismiss the complaint for failure to state a cause of action. The trial judge dismissed the complaint with prejudice, explaining that to permit amendment would create a new cause of action and would allow an extension of the statute of limitations. In her motion for rehearing, Colandrea explained that the word "negligently" was inadvertently omitted from the complaint because of computer error. The trial court denied Colandrea's motion to amend.
It is the public policy of Florida to freely allow amendments to pleadings so cases may be resolved on their merits. It is an abuse of discretion to disallow amendment of a pleading unless it clearly appears the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. Thompson v. Publix Supermarkets, Inc., 615 So.2d 796 (Fla. 1st DCA 1993). This was Colandrea's first attempt to amend the complaint and she was able to allege negligence.
The statute of limitations did not bar amendment of the complaint in this case. The statute of limitations generally must be raised as an affirmative defense in an answer. Fla.R.Civ.P. 1.110(d). No answer or affirmative defenses were filed in this case. Rule 1.110(d) provides: "Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b); provided this shall not limit amendments under rule 1.190 even if such ground is sustained." The statute of limitations defense did not, however, appear on the face of the original complaint because the original complaint was filed within four years of the accident dates alleged in the complaint.
The proposed amended complaint in this case was clearly based upon the same occurrence between the same parties as was alleged in the original complaint. Pursuant to rule 1.190(c), the amendment related back to the date of the original pleading. Because the original complaint was filed within the statute of limitations period, the trial court erred in ruling the amendment was barred.
Reversed and remanded.
PARKER and LAZZARA, JJ., concur.