679 So.2d 808 (1996)
The STATE of Florida, Petitioner,
v.
Eduardo RIVAS-MARMOL, Respondent.
No. 96-385.
District Court of Appeal of Florida, Third District.
July 31, 1996.
Rehearing Denied October 9, 1996.
*809 Robert A. Butterworth, Attorney General, and Keith S. Kromash, Assistant Attorney General, for petitioner.
Robert S. Reiff and H. Scott Fingerhut, Miami, for respondent.
Before COPE, LEVY and FLETCHER, JJ.
FLETCHER, Judge.
The State seeks certiorari review of a decision of the appellate division of the circuit court, which decision affirmed (Judge Hubbart dissenting) a county court order suppressing the introduction of a chemical breath test in a DUI criminal prosecution of respondent Eduardo Rivas-Marmol. The county court suppressed the test results on the ground that the test was not made incident to a lawful arrest as required by section 316.1932, Florida Statutes (1993). We grant the writ and quash the decision of the circuit court with instructions to reverse the county court's suppression order.
The undisputed facts show that Police Officer Carlos Mendez responded to a radio call concerning an automobile accident involving Rivas-Marmol. Officer Mendez noticed an odor of alcoholic beverage coming from Rivas-Marmol and had him perform roadside sobriety tests, which he failed. Officer Mendez then placed Rivas-Marmol in the backseat of his marked police car, advising him that he was taking him to the police substation. Arriving at the police substation, Officer Mendez opened the back door of the police car (which was not capable of being opened from the interior), handcuffed Rivas-Marmol, and took him into the DUI room. Subsequently, the breath test was administered to Rivas-Marmol.
From the foregoing, based on an objective view, it would appear that Officer Mendez arrested Rivas-Marmol prior to the administering of the breath test. However, Officer Mendez testified at the suppression hearing that he "detained" Rivas-Marmol prior to the breath test, but "formally" placed him under arrest after it. Based on Officer Mendez' testimony, the county court concluded that the arrest was made after the breath test, and therefore the test was given in violation of section 316.1932, Florida Statutes (1993), and the results of the test were not admissible in evidence. See State v. Barrett, 508 So.2d 361 (Fla. 5th DCA), rev. denied, 511 So.2d 299 (Fla.1987).
We have no quarrel with Barrett. However, notwithstanding the testimony of Officer Mendez from his subjective view that he "detained" Rivas-Marmol before the test and arrested him after the test, we conclude from an objective view that the arrest took place prior to the test.
In State v. Coron, 411 So.2d 237 (Fla. 3d DCA 1982), this court dealt with the question of a "silent" arrest. Although Coron did not involve section 316.1932, Florida Statutes (1993), it did involve section 856.021, Florida Statutes (1979), which required a specific procedure by the law enforcement officer involved prior to an arrest for loitering or prowling. The defendant Coron contended that his warrantless arrest was illegal as the offense was not committed in the presence of a Detective Edgerton, the officer who "formally" placed Coron under arrest. This court rejected that contention, finding that Coron was arrested by the first officer on the scene, Officer Llano-Montes. In reaching the result, we stated:
"Officer Llano-Montes took defendant Coron into custody, instructed him that he was not free to leave, handcuffed him, and placed him in the patrol car. He subsequently advised Coron of his rights.
Although Officer Llano-Montes did not announce `You are under arrest,' his conduct *810 clearly informed Coron that he was, in fact, under arrest."
411 So.2d at 238.
Here, Officer Mendez, in fact, arrested Rivas-Marmol before the breath test was administered. We find no violation of section 316.1932, Florida Statutes (1993). Because we find that the circuit court applied the wrong law, the petition for writ of certiorari is granted. The decision of the circuit court is quashed with instructions to that court to reverse the county court's order suppressing the results of the chemical breath test.
Writ issued.
LEVY, J., concurs.
COPE, Judge, dissenting.
I respectfully dissent. The petition for writ of certiorari should be denied.
Defendant Eduardo Rivas-Marmol was involved in an automobile accident in the City of Miami. The investigating officer suspected that defendant was driving under the influence of alcohol. He directed defendant to perform roadside sobriety tests. At the conclusion of the sobriety tests, the officer directed that the defendant be transported to the police station, where he was required to take a breath test. After finding that defendant had an unlawful blood alcohol level of.088 and .084 percent, defendant was arrested and charged with driving under the influence.[1]
Defendant moved to suppress the results of the breath test. The trial court heard the testimony of the investigating officer and reviewed deposition testimony. The trial court's order states in part, "The Court finds, after review of the deposition and upon presentation of the testimony of [the arresting officer], that after the Defendant performed several physical sobriety exercises, [the officer] was unsure whether to arrest him for DUI, for no determination could be made whether Rivas' normal faculties were impaired." Order at 2 n. 2.
Section 316.1932, Florida Statutes (1993), states that a driver is deemed to have given implied consent to submit to, among other things, a breath test "if he is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages.... The chemical or physical breath test shall be incidental to a lawful arrest...." § 316.1932(1)(a), Fla.Stat. (emphasis added).
The county court interpreted the statute to mean that the breath test could be administered only after the defendant had been placed under arrest. In so doing, the county court followed the opinion of the Fifth District in State v. Barrett, 508 So.2d 361 (Fla. 5th DCA), review denied, 511 So.2d 299 (Fla. 1987). The Fifth District said that breath test results "are admissible in evidence only where the test is incidental to a lawful arrest. The results of a pre-arrest breath test are not admissible into evidence in any civil or criminal proceeding." Id. at 362 (citations omitted); State v. Williams, 417 So.2d 755, 758 (Fla. 5th DCA 1982).
The legislature evidently wrote the statute this way in recognition of the fact that it will frequently be necessary to transport the defendant to another location in order to administer the tests allowed by the statute, which includes breath, chemical, urine, and blood tests. See § 316.1932, Fla.Stat. Given the intrusion which is involved by the transporting the defendant for purposes of a breath or similar test, the legislature decided to limit this option to those cases in which a determination has been made by the officer on the scene to arrest the defendant. The transporting of the defendant for purposes of testing was deemed permissible if the defendant was under arrest, but not otherwise.
The state argues that the breath test in this case should be considered to have been administered incident to a lawful arrest, even though the defendant was not placed under arrest until after the breath test results were known. The state reasons that for Fourth Amendment purposes, the decision to detain *811 the defendant and transport him to the police station amounted to an arrest, that is, to a seizure of the person within the meaning of the Fourth Amendment. The state urges that Fourth Amendment standards should be applied in analyzing the terms of section 316.1932. Under that analysis, if a detention of a defendant could be deemed to be an arrest or seizure of the person for Fourth Amendment purposes, then section 316.1932 is satisfied.
The problem with that reasoning is, quite simply, that for purposes of section 316.1932, Florida has decided to create a higher level of citizen protection than that which is required by the Fourth Amendment. As stated in State v. Slaney, 653 So.2d 422 (Fla. 3d DCA 1995):
[I]t is the established law of this state that Florida's implied consent statutes [Secs. 316.1932, 316.1933, 316.1934, Fla.Stat. (1991)] impose, in certain respects, higher standards on police conduct in obtaining breath, urine, and blood samples from a defendant in a DUI case than those required by the Fourth Amendment. The Florida Supreme Court in Sambrine v. State, 386 So.2d 546, 548 (Fla.1980), has so stated:
"What is at issue here ... is ... the right of the state of Florida to extend to its citizenry protections against unreasonable searches and seizures greater than those afforded by the federal constitution [through the Fourth Amendment]. This it has done through the enactment of section 322.261, Florida Statutes (1975) [now section 316.1932, 316.1933, Florida Statutes (1991)]."
As further stated by the Fifth District Court of Appeal in State v. McInnis, 581 So.2d 1370, 1374 (Fla. 5th DCA), cause dismissed, 584 So.2d 998 (Fla.1991),
"One public policy reason for enacting such a statutory scheme [Florida's implied consent statutes] is the legislature's decision to extend to some motorists driving in Florida greater protection and rights of privacy than are provided by the state or federal constitutions."
In particular, Florida's implied consent statutes (1) limit the power of the police to require a person who is lawfully arrested for DUI to give samples of his/her breath, urine, or blood without the person's consent, and (2) prescribe the exact methods by which such samples may be taken and tested. These limitations and prescribed procedures represent higher standards for police conduct in obtaining samples of this nature from a DUI defendant than those required by the Fourth Amendment and are entirely permissible as a matter of state law.
Id. at 425 (citations omitted).
In the present case the county court found that the breath sample was taken before the defendant was placed under arrest. The trial court correctly granted the motion to suppress the breath test results, see id. at 430-31, and the circuit court panel was entirely correct in affirming the county court order. We should deny certiorari.
NOTES
[1] There were no injuries in the present case. Where an accident has caused serious bodily injury or death, the blood test provisions of section 316.1933, Florida Statutes, become available. There is no issue regarding that statute in the present case.