687 So.2d 30 (1997)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Julie McCaskill SMITH, Respondent.
No. 96-2849.
District Court of Appeal of Florida, First District.
January 6, 1997.
*31 Michael J. Alderman, Tallahassee, for Petitioner.
David M. Robbins, of Epstein and Robbins, Jacksonville, for Respondent.
KAHN, Judge.
The Department of Highway Safety and Motor Vehicles (Department) seeks a writ of certiorari to quash the circuit court's order granting certiorari and reversing the Department's suspension of Respondent Smith's driver's license. We grant the Department's petition because Smith's petition for certiorari in the circuit court was insufficient as a matter of law and, on the merits, the trial court applied the wrong standard of review.
On February 8, 1995, Officer Carlson of the Jacksonville Sheriff's Office responded to a report of an accident on Interstate 295. When Carlson arrived at the scene, he saw Smith standing next to the open door of a car with an unidentified man standing next to her. The unidentified man gave Officer Carlson the keys to the car and told Carlson that he did not know Smith but had arrived on the scene shortly after the accident. The unidentified man either took the keys from Smith or took them out of the car. After providing this information to Officer Carlson, the man left in his own vehicle.
Officer Carlson observed tire tracks in the interstate median indicating to him that Smith's vehicle had crossed from one side of the divided highway to the other. In response to some questions by Officer Carlson, Smith indicated she "got in a little accident." *32 Officer Carlson noted that Smith's speech was slurred and incoherent. As Carlson spoke to Smith, he detected a strong odor of alcohol. At various times Smith stated she had drunk two or three drinks, or four or five drinks. Officer Carlson then called Officer Booker, also of the Jacksonville Sheriff's Office, to the scene.
Booker noticed that Smith was unsteady on her feet, that she had an odor of alcohol on her breath, that her face was flushed, and that her eyes were bloodshot. Smith did poorly on a series of field sobriety tests administered by Officer Booker. At the conclusion of the field sobriety tests, Officer Booker placed Smith under arrest for driving under the influence. Her breath test conducted later at the Duval County Jail revealed a blood alcohol level of over .08 percent. Smith then suffered an automatic driver's license suspension pursuant to section 322.2615(1)(a), Florida Statutes (1993).
After the suspension, Smith requested a formal review under the provisions of section 322.2615(6). After finding facts, essentially as recited above, the Department's hearing officer upheld Smith's driver's license suspension.
Smith next filed in the Duval County Circuit Court a petition for certiorari seeking review of the suspension. The petition contained an appendix consisting solely of the transcript of the formal review proceedings before the hearing officer. Circuit Judge David Wiggins issued an order to show cause to which the Department responded. The Department first noted that the petition filed by Smith violated Rule 9.100 and 9.220 of the Florida Rules of Appellate Procedure in that it did not contain a conformed copy of the order to be reviewed. The Department also urged the court to deny the petition on the merits. Smith admits she did not attach a copy of the Department's order to her circuit court petition but dismisses such failure as inconsequential or harmless.
The circuit court must apply a three-fold standard of review when sitting in review of an administrative decision. The reviewing court must ask: (1) whether procedural due process was accorded; (2) whether the essential requirements of law were observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). Section 322.31, Florida Statutes (1993), establishes that review of driver's license suspensions by the Department is governed by the Florida Rules of Appellate Procedure. Rule 9.100(e) of the appellate rules mandates that a petition for certiorari be accompanied by an appendix as prescribed by Rule 9.220. Rule 9.220 reiterates that an appendix is required in proceedings under Rule 9.100. Moreover, Rule 9.220 directs that the appendix must include a conformed copy of the opinion or order to be reviewed. Here, Smith did not provide the circuit court with a copy of any order sought to be reviewed. Accordingly, the circuit court could not have determined whether the findings contained in the order on review were supported by competent substantial evidence.
When the district court of appeal conducts certiorari review of the circuit court's order granting certiorari, the district court must determine whether the circuit afforded procedural due process and whether the circuit applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Here, the circuit court could not have applied the correct law because it did not have before it the findings and conclusions of the agency that it was bound to test by the standard of competent substantial evidence.
The circuit court's order is not, however, merely technically deficient. A circuit court must review the agency order under the standard of competent substantial evidence and is prohibited from weighing or reweighing the evidence. In the order before us, the circuit judge found:
This court finds from the record that there are insufficient facts upon which to support the driver's license suspension. Specifically, when the arresting officer arrived at the scene, the petitioner was not driving the vehicle nor in actual physical control of the motor vehicle. Additionally, there was another civilian present at the scene who handed the arresting officer the keys to *33 the vehicle that was alleged to have been in the accident. There was no evidence adduced that indicated that the car was involved in the one-car accident, registered, or operated by the petitioner.
By the very face of its order, the circuit made its own findings and deductions from the record. Thus, the circuit court did not apply the correct law. The issue before the court was whether competent substantial evidence supported the Department's finding that the arresting law enforcement officer had probable cause to believe Smith was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or controlled substances. § 322.2615(7)(a), Florida Statutes (1993). The circuit court was not empowered to conduct an independent fact finding mission on the question of whether Smith's driver's license should have been suspended. See Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106, 108 (Fla.1989) ("circuit court is not permitted to reweigh the evidence or substitute its judgment for that of the agency.")
Because Smith does not challenge whether she was placed under lawful arrest or whether she in fact had an unlawful blood alcohol, the hearing officer's inquiry at the formal hearing was limited to whether the arresting officer had probable cause to believe Smith was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages. § 322.2615(7)(a)1, Florida Statutes (1993). The inquiry of the circuit court was, in turn, limited to whether the hearing officer's finding of probable cause was supported by competent substantial evidence. Probable cause exists "where the facts and circumstances, as analyzed from the officer's knowledge, special training and practical experience, and of which he has reasonable trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed." City of Jacksonville v. Alexander, 487 So.2d 1144, 1146 (Fla. 1st DCA 1986)."' [T]he facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based.'" Department of Highway Safety and Motor v. Favino, 667 So.2d 305, 309 (Fla. 1st DCA 1995), quoting State v. Riehl, 504 So.2d 798, 800 (Fla. 2d DCA 1987).
In the present case the hearing officer found by a preponderance of the physical evidence, as well as the statements made by Smith, that probable cause existed. By granting certiorari, the circuit court necessarily reweighed the evidence and substituted its judgment for that of the hearing officer. Such was error and constituted failure to apply the correct law.
Accordingly, we GRANT certiorari, QUASH the order under review, and direct the circuit court to enter an order upholding the suspension.
BARFIELD, C.J., and DAVIS, J., concur.