846 So.2d 1163 (2003)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Dustin WHITLEY, Respondent.
No. 5D02-3640.
District Court of Appeal of Florida, Fifth District.
May 2, 2003.
Rehearing Denied June 4, 2003.
*1164 Enoch J. Whitney, General Counsel and Heather Rose Cramer, Assistant General Counsel, Lake Worth, for Petitioner.
Eric A. Latinsky, Daytona Beach, for Respondent.
SAWAYA, J.
The State of Florida, Department of Highway Safety and Motor Vehicles, (the Department) seeks certiorari review of the order granting Dustin Whitley's petition for writ of certiorari that was rendered by the circuit court in its appellate capacity. In that order, the circuit court quashed the Department's final order suspending Whitley's driver's license based on his arrest for driving under the influence of alcohol (DUI). We grant the Department's petition for writ of certiorari.

Factual and Procedural Background
In the early morning hours of February 3, 2002, a police officer saw Whitley drive "in a weaving manner from the inside lane to the outside lane," then drive off the road and onto the grass. The officer activated the emergency lights on his patrol car to signal Whitley to pull over, but Whitley continued to drive. When the officer activated his siren, Whitley looked in his side-view mirror at the patrol car, but continued to drive, weaving from lane to lane. At one point, Whitley almost struck some construction barricades located along the road. When attempting to turn onto another road, Whitley drove off the roadway and stopped. Upon approaching Whitley, the officer noticed a strong odor of alcohol on Whitley's breath and that Whitley's eyes were glassy. The officer also noticed that Whitley's speech was slurred. The officer asked Whitley to step out of his vehicle and placed Whitley under arrest for fleeing and eluding a law enforcement officer. However, the officer did not advise Whitley that he was under arrest for DUI. After informing Whitley of his Miranda rights, the officer asked Whitley why he had not stopped. Whitley replied, "[B]ecause I had too much to *1165 drink tonight and if I made it to my girlfriend's home it would be okay." Whitley told the officer that he had consumed three or four drinks containing vodka.
Whitley was transported to the police department and asked to perform field sobriety tests, but refused. Whitley did, however, consent to a breath test, which revealed that he had a blood alcohol level well in excess of the legal limit. Whitley was then formally charged with DUI. Whitley requested a formal review of his driver's license suspension pursuant to section 322.2615(6), Florida Statutes (2000). In accordance with section 322.2615(7), which defines the scope of the formal hearing, the hearing officer concluded: 1) the arresting officer had probable cause to believe that Whitley was driving under the influence of alcohol; 2) Whitley was lawfully arrested and charged with a violation of section 316.193, Florida Statutes; and 3) Whitley had an unlawful alcohol level. The hearing officer suspended Whitley's driver's license for six months.
Whitley sought certiorari review in the circuit court, which granted certiorari and quashed the final order of license suspension. The circuit court held that a breath test must be incidental to a DUI arrest; thus, an individual's driving privilege may not be suspended unless the individual is first arrested for DUI and is thereafter administered the test to determine his or her blood alcohol content. To allow the State to suspend a license when the test is administered prior to the individual's lawful arrest for DUI would, according to the circuit court's reasoning, be contrary to the requirements of sections 316.1932 and 322.2615. The circuit court also held that the officer did not have probable cause to arrest Whitley for DUI until the breath test was administered and, therefore, Whitley was never lawfully arrested for that offense.
Hence, there are two issues for us to resolve: 1) whether the officer had probable cause to arrest Whitley for DUI prior to administration of the breath test and 2) whether the breath test must be incidental to a lawful arrest for DUI, requiring that Whitley's arrest for DUI have preceded the test. After discussing the appropriate standard of review, we will address each issue in the order presented.

Standard of Review
When an appellate court reviews a decision rendered by a circuit court sitting in its appellate capacity, the appellate court must determine whether the circuit court afforded procedural due process to the litigants and whether the essential requirements of law were observed. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000); Department of Highway Safety & Motor Vehicles v. Mowry, 794 So.2d 657 (Fla. 5th DCA 2001); Department of Highway Safety & Motor Vehicles v. Perry, 751 So.2d 1277 (Fla. 5th DCA 2000). A finding that the circuit court departed from the essential requirements of law essentially means that the circuit court failed to apply the correct law and that the failure resulted in a miscarriage of justice. Ivey. Having determined the appropriate standard of review, we proceed to address the issues.

Probable Cause
There is nothing in section 316.1932(1)(a)1. or section 322.2615(7)(a) that requires that a breath test be administered in order to give a law enforcement officer probable cause to arrest a person for DUI. Although neither statute defines the term "probable cause," it has become a staple of our criminal jurisprudence and because it is so widely utilized in a variety of contexts, its meaning is not difficult to discern. Generally, probable cause sufficient *1166 to justify an arrest exists "`where the facts and circumstances, as analyzed from the officer's knowledge, special training and practical experience, and of which he has reasonable trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed.'" Department of Highway Safety & Motor Vehicles v. Smith, 687 So.2d 30, 33 (Fla. 1st DCA 1997) (quoting City of Jacksonville v. Alexander, 487 So.2d 1144, 1146 (Fla. 1st DCA 1986)); see also Department of Highway Safety & Motor Vehicles v. Silva, 806 So.2d 551, 554 (Fla. 2d DCA 2002); Department of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305, 309 (Fla. 1st DCA 1995) (quoting Alexander ).
In administrative hearings held to determine whether an individual's license should be suspended for DUI, the courts have generally held that the circumstances surrounding the incident and the officer's general observations are sufficient to establish probable cause. Silva; Smith; Favino; see also Department of Highway Safety & Motor Vehicles v. Currier, 824 So.2d 966 (Fla. 1st DCA 2002); State, Dep't of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32 (Fla. 2d DCA 2001). Hence, it is not necessary to administer the breath test to establish probable cause to arrest an individual for DUI. Therefore, we will consider whether the officer had probable cause to arrest Whitley prior to administering the test.
In the instant case, the officer observed Whitley's erratic driving and, when Whitley eventually stopped, the officer detected an odor of alcohol on Whitley's breath and observed that his eyes were glassy and that his speech was slurred. When asked by the officer why he had not stopped, Whitley replied that he had had too much to drink. Because these facts and circumstances were sufficient for a reasonable person to reach the conclusion that Whitley operated his motor vehicle while under the influence of alcohol, we conclude that the officer had probable cause to arrest Whitley for DUI at the time of the stop, which was well in advance of the administration of the breath test. See Huebner v. State, 731 So.2d 40, 45 (Fla. 4th DCA1999) ("[A]ppellant's erratic driving behavior provided sufficient justification for her stop and arrest."); Smith. We must next decide whether administration of the test was incidental to a lawful arrest.

Incidental To A Lawful Arrest
The circuit court held, pursuant to section 316.1932(1)(a)1., that the administration of the breath test must be incidental to a lawful arrest for DUI and that a person's license may not be suspended unless the person is first arrested for DUI and, thereafter, administered the breath test. The circuit court held that because Whitley was not arrested for DUI until after the breath test was administered, his license should not be suspended. In order to determine whether the trial court correctly stated and applied the law, we logically start with an analysis of section 316.1932(1)(a)1., which provides in pertinent part:
Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by so operating such vehicle, deemed to have given his or her consent to submit to an approved chemical test or physical test ... for the purpose of determining the alcoholic content of his or her blood or breath ... if the person is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical *1167 substances, or controlled substances. The chemical or physical breath test must be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving or was in actual physical control of the motor vehicle within this state while under the influence of alcoholic beverages.
§ 316.1932(1)(a)1., Fla. Stat. (2002).
While this statute may not be a paragon of legislative draftsmanship, it is not so inartfully drawn that we cannot make sense of it and discern the Legislature's intent. Although the statute does not explicitly state that the person must be lawfully arrested for DUI before the breath test is administered, it does provide that the "test must be incidental to a lawful arrest." Id. In State v. Barrett, 508 So.2d 361, 362 (Fla. 5th DCA), review denied, 511 So.2d 299 (Fla.1987), this court, applying section 316.1932(1)(a)1., held that "the legislature has specifically declared that breath tests must be incident to a lawful arrest, and has made pre-arrest breath tests inadmissible." We note that the statute has not been substantially changed or amended since Barrett was decided, and we are, therefore, bound by that decision.[1] Thus, based on Barrett, "incidental to a lawful arrest" as that term is used in section 316.1932(1)(a)1. means that the arrest must precede the breath test.
However, the statute does not specifically say that the arrest must be for DUI; rather, it only provides that the person be "lawfully arrested for any offense allegedly committed while the person was driving ... while under the influence of alcoholic beverages ...." § 316.1932(1)(a)1., Fla. Stat. (2002). The State argues that Whitley's arrest for fleeing and eluding meets that statutory requirement. We agree. We have already concluded that the officer had probable cause at the scene of the stop to arrest Whitley for DUI based on his erratic driving, his physical appearance, the strong odor of alcohol on Whitley's breath and the statements Whitley made to the officer. These facts and circumstances clearly indicate that Whitley was arrested for the offense of fleeing and attempting to elude which he committed while under the influence of alcohol. We therefore conclude that the breath test was incidental to a lawful arrest because it was administered well after Whitley was lawfully arrested. Hence, the dictates of section 316.1932(1)(a)1. were met.[2]
*1168 We likewise find nothing in the provisions of section 322.2615(7) that requires an individual to be arrested for DUI as a predicate to administration of the breath test. Based on the facts and circumstances of the instant case, we conclude that all of the requirements of section 322.2615(7) were satisfied.

Conclusion
Fully cognizant of our limited scope of review, we conclude that the circuit court failed to apply the correct law to the instant case. Hence, the circuit court departed from the essential requirements of law, resulting in a miscarriage of justice. Accordingly, we grant the petition for certiorari and quash the order rendered by the circuit court.
PETITION FOR CERTIORARI GRANTED; ORDER QUASHED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] We note, parenthetically, that Florida case law is replete with examples of cases that adopt the general principle that a pre-arrest search is considered incidental to a lawful arrest if the officer had probable cause to make the arrest at the time the search was conducted. See, e.g., State v. M.A.D., 721 So.2d 412 (Fla. 3d DCA 1998); State v. Hernandez, 706 So.2d 66 (Fla. 2d DCA 1998); State v. Russell, 659 So.2d 465 (Fla. 3d DCA), review denied, 665 So.2d 220 (Fla.1995); Butler v. State, 634 So.2d 700 (Fla. 1st DCA 1994), quashed on other grounds, 655 So.2d 1123 (Fla.1995); State v. Boulia, 522 So.2d 528 (Fla. 2d DCA 1988); State v. Pringle, 499 So.2d 75 (Fla. 2d DCA 1986); State v. Diaz, 474 So.2d 903 (Fla. 5th DCA 1985); Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982), petition for review denied, 426 So.2d 29 (Fla. 1983); Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977); see also Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). The question arises why this principle should not be applied to a pre-arrest breath or chemical test. Because we have decided that the arrest in the instant case actually took place before the breath test was administered, we need not resolve this issue.
[2] We note that section 316.1932(1)(a)1. requires that the individual be lawfully arrested. The courts generally agree that the elements of a lawful arrest are: 1) a purpose or intention to effect an arrest; 2) an actual or constructive seizure or detention by a person having present power to control the person arrested; and 3) communication by the arresting officer to, and an understanding by, the person whose arrest is sought of the officer's purpose and intention to effect an arrest. Kearse v. State, 662 So.2d 677, 682-83 (Fla. 1995) (citing State v. Parnell, 221 So.2d 129, 131 (Fla.1969); Melton v. State, 75 So.2d 291, 294 (Fla.1954)); see also Brown v. State, 515 So.2d 211 (Fla.1987); Williams v. State, 757 So.2d 597 (Fla. 5th DCA 2000).

As to the third factor, the officer does not have to specifically tell the detained person that he or she is under arrest; all that is required is that the officer's conduct inform the person that he or she is under arrest. See Kearse; Giblin v. City of Coral Gables, 149 So.2d 561 (Fla.1963); State v. Rivas[-]Marmol, 679 So.2d 808, 809 (Fla. 3d DCA 1996) (citing State v. Coron, 411 So.2d 237 (Fla. 3d DCA 1982)); see also Elliot v. State, 704 So.2d 606, 611 (Fla. 4th DCA 1997) (holding that charge of resisting an arrest requires that the arrestee "be given notice by word or circumstance that he is being detained ...."). Thus, when a "defendant was informed of his Miranda rights, handcuffed, and placed inside the patrol car, he was arrested." Poey v. State, 562 So.2d 449, 450 (Fla. 3d DCA 1990) (citation omitted); see also Kearse. However, because we have concluded that the requirements of section 316.1932(1)(a)1. were established based on Whitley's arrest for fleeing and attempting to elude, we do not need to determine whether Whitley was lawfully arrested for DUI prior to administration of the breath test.