LAWSON, J.
The State of Florida appeals from an interlocutory order suppressing cocaine and other evidence seized incident to the arrest of Jermaine S. Littles on a charge of sale or delivery of cocaine within 1,000 feet of a public park. The trial judge ordered suppression of the evidence after finding that law enforcement lacked probable cause to arrest Littles. While we defer to all factual findings by the trial judge that are supported by competent, substantial evidence, we independently determine whether those facts amount to probable cause to believe that Littles committed the offense. Miranda v. State, 816 So.2d 132 (Fla. 4th DCA 2002). Applying the law to the facts as found by the trial judge, we conclude that law enforcement had probable cause to arrest Littles, and reverse the suppression order.
Acting on an anonymous tip that Littles was selling narcotics at a public park during his child’s football practice, law enforcement set up surveillance at the park. The officers watched Littles enter the park, exit his vehicle, and accompany his child toward a practice field. Officers then observed a white van pull into the park near Littles. Officers watched Littles talking with the van’s occupants, reenter his car, follow the van out of the park’s front gate, and pull to the side of the road beside the van. They then observed one of the van’s passengers give money to Littles, and watched as Littles deposited something into the passenger’s hand.
Law enforcement continued following the van as it proceeded away from the park, while at the same time gathering information on the van and its passengers. Upon learning that the State had suspended the driver’s license of the van’s owner, and after confirming that the driver matched the description of the owner, the officers decided to initiate a traffic stop on the van. Before they did so, however, the van made a quick turn into a parking lot, stopped abruptly, and the passenger leaned out of the van and began throwing up. Law enforcement pulled in behind the van, and turned on the police vehicle’s flashing lights to signal their intent to detain the van and its occupants. Police separated the van’s driver and passenger for questioning, and each waived his Miranda rights. Each independently admitted to purchasing cocaine from Littles outside of the front gate of the park, and to smoking it in the van. Both stated that the drug made the passenger sick, and police located a used crack pipe and an additional piece of suspected crack cocaine in the van.[1] The crack pipe and the suspected crack both tested positive for cocaine in a field test administered by police.
Based upon all of this information, law enforcement arrested Littles.
*978 “Probable cause to arrest exists when facts and circumstances within an officer’s knowledge and of which he had reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has [been] or is being committed.” McCarter v. State, 463 So.2d 546, 548-49 (Fla. 5th DCA 1985). The trial judge’s error in this case was in failing to consider the “totality of the circumstances” known to the arresting officers. See, e.g., Mathis v. Coats, 24 So.3d 1284, 1288 (Fla. 2d DCA 2010) (“The existence of probable cause requires an examination of the totality of the circumstances.”). Instead, the trial judge focused narrowly on the reliability of the statements given by the van’s occupants, concluding that because the two were criminal informants with an incentive to implicate Littles to improve their standing with law enforcement, their statements lacked reliability. While this is certainly one factor to be considered, the trial judge failed to take into account that the statements were obtained independently from the witnesses, with each independently implicating Littles. More importantly, the trial court failed to appreciate that law enforcement had already corroborated these witnesses’ statements with their own observations — having witnessed the transaction themselves — and that all of the facts learned by police as a result of their surveillance were gathered in corroboration of an anonymous tip that Littles was selling drugs at the park during his child’s sports practices. Considering the totality of the information known to law enforcement, we find that Littles’ arrest was supported by probable cause.
Finally, we note that both below and on appeal, Littles mistakenly focuses on the hearsay nature of some of the information testified to during the suppression hearing. For example, every time that an officer would testify to information relayed to him by another officer during the surveillance, Littles would interpose a hearsay objection. And, on appeal, Littles argues that these facts should not be considered as part of the probable cause determination because the testimony should not have been admitted at the suppression hearing over his hearsay objections. The trial court correctly ruled that these statements were not hearsay because they were not being offered for the truth of the matter asserted. See § 90.801(l)(c), Fla. Stat. (2009) (Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”). Instead, the statements were offered to show what information the arresting officer had when making his probable cause determination. See Mathis, 24 So.3d at 1288 (“The facts [bearing on a probable cause determination] are to be analyzed from the officer’s knowledge ....”) (citation omitted); see also Voorhees v. State, 699 So.2d 602, 609 (Fla.1997) (“The fellow officer rule allows an arresting officer to assume probable cause to arrest a suspect from information supplied by other officers.”). We also note that “hearsay evidence is admissible in suppression hearings.” J.D. v. State, 920 So.2d 117, 118 (Fla. 4th DCA 2006) (citing Lara v. State, 464 So.2d 1173, 1177 (Fla.1985); State v. Cortez, 705 So.2d 676, 679 (Fla. 3d DCA 1998)).
Finding that the trial court erred in suppressing the evidence seized incident to Littles’ arrest, we reverse the order on appeal and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.
SAWAYA and COHEN, JJ„ concur.

. A dog trained to detect narcotics alerted to the presence of drugs in the van before law enforcement searched the van.